**DISABLED IN ACTION OF PENNSYLVANIA, INC., Paralyzed Veterans of America, Inc., American Coalition of Citizens with Disabilities, Inc., Disabled in Action of Baltimore, Disabled in Action of New York, Ltd., Disabled in Action of New Jersey, Inc., National Capitol Area Chapter of the National Paraplegia Foundation, Inc., National Caucus on the Black Aged, National Congress of Organizations of the Physically Handicapped, Inc., National Council of Senior Citizens, Inc., Pennsylvania Association of Older Persons, Inc., United Cerebral Palsy Association of Pennsylvania, Jay Newman, Al Marcus, Joyce Brock, Derek Bowen, Harry Burns, Emil Sabatini and Sonia Stein**

v.

**William T. COLEMAN, Jr., Secretary, United States Department of Transportation, Robert E. Patricelli, Administrator, Urban Mass Transportation Administration, and Norbert T. Tiemann, Administrator, Federal Highway Administration.**

Civ. A. No. 76–1913.

United States District Court,
E. D. Pennsylvania.

March 17, 1978.

James Raggio, Public Interest Law Center, Philadelphia, Pa., for plaintiffs.

David W. Marston, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

The above-named plaintiffs brought this action on June 17, 1976, against the defendants,* on behalf of the class of all mobile disabled and elderly persons who are denied ready access to, and effective use of, federally financed mass transportation by reason of the physical and structural barriers in the design of public transit equipment.

Plaintiffs' (hereinafter "Disabled") claims are based upon the Urban Mass Transportation Act ("UMTA"), 49 U.S.C. § 1601 et seq.; the Federal Aid Highway Acts, 23 U.S.C. § 101 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Commerce Clause, Article I § 8 cl. 3, United States Constitution; the Privileges and Immunities Clause, Article IV § 2 cl. 1, United States Constitution; and the First and Fifth Amendments to the United States Constitution. Specifically, Disabled alleges that the statutory and constitutional provisions upon which their claims are based require that federal funds allocated to local transportation authorities be used only to purchase "Transbus,"[1] a low-floor, wide-door, ramped model bus, and that the Secretary has not complied with this mandate. Disabled requests injunctive and declaratory relief in the form of a Court Order declaring Disabled's interpretation of the statutory and constitutional provisions to be correct and enjoining the Secretary from refusing to comply with these provisions. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1361, 1332 and 1343(4).

The Secretary filed a motion to dismiss the complaint or, in the alternative, for summary judgment, pursuant to Fed.R. Civ.P. 12(b)(6) and 56 respectively. The Secretary contends that the statutes are not mandatory but merely state a policy that "special efforts" should be used to make mass transportation services available to the elderly and the handicapped, and that it is solely within the discretion of the Secretary to determine the means by which that policy is to be implemented.

In January, 1977, while that motion and other motions filed by the plaintiffs were still pending, William T. Coleman, Jr., was replaced as Secretary of Transportation by Brock Adams ("Adams"). On May 19, 1977, Adams initiated a major policy change by issuing his decision to mandate a low-floor, wide-door, ramped model bus.[2] See Decision of Brock Adams, Secretary of Transportation, To Mandate Transbus, Policy Statement, May 19, 1977. That decision requires that all standard-size buses procured by local transit authorities with the assistance of federal funds conform to required specifications after September 30, 1979. Regulations implementing this policy were promulgated and published in the Federal Register on September 23, 1977. See 49 C.F.R. Part 609.15(a)–(c).

Subsequent to the issuance of Adams' policy, a show cause hearing, convened upon

---

* William T. Coleman, Jr., was replaced as Secretary of Transportation when Brock Adams was appointed to the position by President James E. Carter in January, 1977.

1. "Transbus," the model bus which plaintiffs argue implements the highest state of the art, has a low floor (17 to 22 inches) and a suspension system that reduces the floor height of a bus to seven inches above the curb, a single seven-inch step in the bus, a ramp which can be rapidly extended from the bus to provide "level" boarding, a 44-inch-wide door, and open space in the vestibule and front areas of the bus to provide maneuvering and parking room for passengers in wheelchairs.

2. The specifications of the bus mandated by Adams include: a stationary floor height of not more than 22 inches, for an effective floor height, including a kneeling feature, of not more than 18 inches; a 44-inch-wide front door; and a ramp for boarding and exiting.

the Court's motion, was held before this Court on June 6, 1977, on the issue of whether the Secretary's policy rendered the controversy moot. Shortly after the hearing, Disabled filed a Fed.R.Civ.P. 56 motion for summary judgment on the issue of whether the statutes upon which their claims were based required that UMTA funds be disbursed only for the purchase of Transbus. In addition, Disabled argued that the controversy was not moot, because Adams was a temporary political appointee and, as such, his policy decisions were not binding upon his successors. The Secretary responded by arguing that his decision to mandate a low-floor, wide-door, ramped model bus rendered the controversy moot, because he has required implementation of the precise vehicle specifications demanded by the plaintiffs.

Before turning to the merits of the motions pending before this Court, we must determine whether Disabled's claims are rendered moot by the Secretary's decision to mandate a low-floor, wide-door, ramped bus. For the reasons stated below, we hold that Disabled's action is moot.

It is well settled that federal courts are courts of limited jurisdiction. Judicial power to adjudicate a claim is dependent not only upon a statutory or constitutional basis for that jurisdiction, but also upon the existence of a live case or controversy. Article III, United States Constitution; *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895); *Defunis v. Odegaard,* 416 U.S. 312, 317, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). By assuring that the issues raised before the Court are concrete, ripe and adversarial, the case or controversy requirement insures that federal courts will not exceed their limited jurisdiction by rendering advisory, premature or unwarranted opinions, or by encroaching upon the constitutional authority of the other branches of the Federal Government. Where events have occurred to render a controversy insubstantial, or one not admitting of specific relief through a decree of a conclusive character, the controversy is moot; that is, the controversy is no longer live and is inappropriate for judicial determination. In the instant case, it is clear that the controversy between these parties is no longer live because the Secretary has promulgated regulations which, while not identical to Disabled's requested relief, are so nearly identical as to fulfill plaintiffs' objective.[3] The regulations have been published in the Federal Register pursuant to 5 U.S.C. § 552 and, therefore, have the full force and effect of law. *United States v. Green,* 344 F.Supp. 474, 476 (E.D.Pa.1972). Further, we have no reason to believe that Adams' policy was not undertaken in good faith; nor do we have reason to believe that Adams' decision will not be respected by his successors, or that the prior policy will be reinstated, particularly since the manufacturers of transit buses are now engaged in the complicated, time-consuming and costly process of "tooling up" in order to comply with the new regulations by September 30, 1979. In conclusion, we find that there is no live case or controversy before us and that this case is moot. Inasmuch as the issues raised in Disabled's complaint are moot for the reasons herein stated, the complaint will be dismissed.

An appropriate Order will be entered.

---

**3.** *Compare* note 1 *supra with* note 2 *supra.*