818 F.2d 31
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eva DEW, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1560.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Eva Dew ("appellant") appeals from the District Court's judgment affirming the decision of the Secretary of Health and Human Services to deny her disability benefits under the Social Security Act. We affirm the District Court's judgment.
 
 
 2
 Appellant was born on September 6, 1924. The Administrative Law Judge ("ALJ") noted that she had a 10th grade education and prior work experience as a nurse's aid. Joint Appendix at 18. Appellant applied for disability benefits on May 24, 1983, on both her own account and as a widow of Joseph R. Dew, alleging disability on account of leg, back, and pelvic injuries, and a heart condition. Id. at 64-65. Her last date of insured eligibility was December 31, 1982. On appeal, appellant argues first that the Secretary's decision to deny her benefits is not supported by substantial evidence.
 
 
 3
 Appellate review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the findings. 42 U.S.C. Sec. 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Substantiality of the evidence must be based upon the record taken as a whole" and " 'must take into account whatever in the record fairly detracts from its weight." ' Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).
 
 
 4
 Appellant alleges that as of December, 1982, she suffered from various physical problems, such as back and leg pain, wrist and shoulder pain, swelling of her wrists, headaches, and confusion. Medical records indicate that appellant has a history of some slight sweWng of the wrists and hands. See Joint Appendix at 164, 176, & 204. Appellant sought emergency treatment for sore wrists at least twice in 1978. Id. at 172. However, x-rays taken of her wrists in March, 1978, showed no abnormalities. Id. at 171. Dr. Byron K. Byron examined appellant on July 15, 1983, as a consultative physician for the Michigan Disability Determination Service, and found satisfactory grip strengths, unimpaired gross and fine manipulation, and no marked impairment of range of motion. Id. at 138-43. Appellant argues that her testimony of severe pain and her documented history of complaints of pain are sufficient to support a finding of disability. Under 42 U.S.C. Sec.423(d)(5)(A), however, complaints of pain must be supported by objective medical evidence. We find no objective medical evidence in the record that would support appellant's allegations of severe pain.
 
 
 5
 Appellant was seen at a hospital on November 20, 1982, for contusions to the lower leg and lumbosacral sprain following an automobile accident; x-rays of the lumbosacral spine and pelvis and of the left hip and leg were all within normal limits. Joint Appendix at 114. Nothing in the record suggests that appellant suffered a disabling injury as a result of this accident.
 
 
 6
 Appellant was also seen at Metropolitan Hospital in March, 1983, complaining of chest pains radiating to the back and right shoulder without associated shortness of breath. Id. at 115-25. Her electrocardiogram was normal and the X-rays indicated that her heart was not enlarged. The EKGs showed a sinus rhythm. Appellant's blood pressure was 130/70 and her heart tones were good with no significant murmurs. She was discharged with a diagnosis of coronary artery disease with unstable angina pectoris, exogenous obesity, and chronic lumbosacral musculoskeletal dysfunction. Id. at 116. When Dr. Byron saw appellant in July, 1983, he noted that she had chest pains on exertion, which he found were most likely caused by angina pectoris. Id. at 140. Dr. H. Brystowski examined appellant in August, 1983, and found that her blood pressure was 130/80. He stated that her heart had a regular rhythm, with no murmur or gallop. He noted that her history was characteristic of angina pectoris, and that her resting EKG was normal, but that appellant refused a treadmill test. Id. at 146. In short, we see no medical evidence in the record that would show that appellant had a disabling heart condition prior to expiration of her insured status in December, 1982.
 
 
 7
 Appellant contends that given her age, education, and relevant past work experience, she should be found disabled under the grids found in 20 C.F.R. Part 404, Subpart P, Appendix 2. However, these tables assume that the claimant has a "severe medically determinable impairment." The ALJ specifically found that appellant did not have such an impairment, and we see no grounds for overturning his decision.
 
 
 8
 Appellant raises a second issue as well. She argues that the ALJ's determination that she must establish entitlement to widow's benefits as of August 30, 1984 is legally incorrect, and requests that this Court reverse that determination. Appellant does not explain why she believes the ALJ's determination is incorrect, nor does it appear that she raised this issue before the District Court. However, the issue is moot. Appellant concedes that she does not have a disability which would entitle ber to widow's benefits. Brief at 7 n.3. Thus, even if this Court did reverse the ALJ's determination as to the date of entitlement, appellant would still not be entitled to benefits. A federal court may not "give opinions upon moot questions or abstract propositions, or ... declare principles Or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653 (1895).
 
 
 9
 Accordingly, we AFFIRM the District Court's judgment.