955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Todd Lewis ASHKER, Plaintiffs-Appellants,
v.
James ROWLAND, Defendants-Appellees.
 No. 90-16502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Feb. 19, 1992.
 
 1
 Before SCHROEDER, T.G. NELSON, Circuit Judges, CALLISTER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiffs Todd Lewis Ashker, Arthur M. Ruffo, Paul John Schneider, and James W. Owen appeal pro se the district court's order denying injunctive relief in their 42 U.S.C. § 1983 civil rights action against officials at Folsom Prison. Plaintiffs' complaint alleged that during outdoor exercise periods, they were placed in handcuffs attached to a chain around the waist which was not only painful, but prevented them from being able to defend against physical assaults from other prisoners. Plaintiffs sought an injunction prohibiting Defendants from maintaining the "Restraint Yard." The complaints and appeal were written and signed only by Plaintiff Ashker.
 
 
 4
 On June 7, 1990, the district court granted Plaintiffs leave to amend their pro se complaint.
 
 
 5
 On June 26, 1990, the district court denied Plaintiffs' pro se request for a preliminary injunction, holding that Plaintiff Ashker's claim became moot when he was transferred to Pelican Bay State Prison.
 
 
 6
 On July 25, 1990, the district court denied Plaintiffs' pro se request to stay the order of June 26th, holding that since the amended complaint was signed only by Plaintiff Ashker, he was the only plaintiff in this action.
 
 
 7
 On September 19, 1990, the district court denied Plaintiffs' pro se request for reconsideration of the July 25th order holding that the order was not "clearly erroneous."
 
 
 8
 * Federal Rules of Civil Procedure 11
 
 
 9
 Rule 11 provides, in pertinent part,
 
 
 10
 A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address ... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper.... If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is brought to the attention of the pleader or movant. FED.R.CIV.P. 11
 
 
 11
 Since Plaintiffs Ruffo, Schneider and Owen have not signed any of the documents, there is no indication that they have read or agree with the complaints or issues raised on appeal. We therefore AFFIRM the district court's ruling that Ashker is the sole plaintiff in these proceedings.
 
 II
 Case or Controversy
 
 12
 The Supreme Court has held that a federal court may only "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653 (1895). "The inability of federal courts 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.' " Williams v. Alioto, 549 F.2d 136, 140 (9th Cir.1977) (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3 (1964)). " 'Simply stated, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " Id. at 140-41 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).
 
 
 13
 In the present case, Ashker was permanently transferred to Pelican State Prison where inmates are not restrained by any mechanical devices. Since Ashker is no longer subject to the Restraint Yard at Folsom Prison, the issue is "no longer live" and he "lacks a legally cognizable interest in the outcome."
 
 
 14
 Ashker's appeal is DISMISSED as moot.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3