159 U.S. 651 (1895)
MILLS
v.
GREEN.
No. 782.
Supreme Court of United States.
Submitted October 28, 1895.
Decided November 25, 1895.
APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.
Mr. William A. Barber, Attorney General of the State of South Carolina, Mr. Edward McCrady, and Mr. George S. Mower for the motion.
Mr. Henry N. Obear opposing.
MR. JUSTICE GRAY delivered the opinion of the court.
This was a bill in equity, filed April 19, 1895, in the Circuit Court of the United States for the District of South Carolina, by Lawrence P. Mills, alleging himself to be a citizen of the State of South Carolina and of the United States, and a resident of a certain precinct in the county of Richland, and qualified to vote at all Federal and state elections in the precinct, and suing in behalf of himself and all other citizens *652 of the county in like circumstances, for an injunction against W. Briggs Green, the supervisor of registration of the county.
The bill alleged that by a statute of South Carolina of December 24, 1894, a convention was called to revise the constitution of the State, the delegates to be elected on the third Tuesday of August, 1895, and the convention to assemble on the second Tuesday of September, 1895; that the same and other statutes of South Carolina contained regulations as to the registration of voters, and as to certificates of registration, which were in violation of the constitution of South Carolina, and of the Constitution of the United States, in various particulars pointed out, as abridging, impeding and destroying the suffrage of citizens of the State and of the United States; that the defendant was exercising the duties prescribed by those statutes, and intended to continue to do so, and specifically intended to furnish and deliver, to the boards of managers appointed to hold the election of delegates to the constitutional convention, the registration books of the several precincts, to be used by the managers at that election; that the plaintiff had failed to register as a voter, because, notwithstanding repeated efforts to become registered, he found himself unable to comply with the unreasonable and burdensome regulations prescribed by the unconstitutional registration laws; that he was desirous of voting for delegates to the constitutional convention at the election prescribed by the statute of 1894 for that purpose; that the registration books in the defendant's hands did not and would not contain the plaintiff's name; that he, and others under like circumstances, would not be permitted by the managers to vote at that election, unless their names were found upon the books, and unless they could produce registration certificates; and that, if the defendant were permitted to continue the illegal, partial and void registration, and were allowed to turn over the books to the managers, the plaintiff would be deprived of his right to vote at that election, and grievous and irreparable wrong would be done to him, and to other citizens under like circumstances.
The prayer of the bill was for "a writ of injunction, restraining *653 and enjoining the said defendant, individually and as supervisor of registration, from the performance of any of the acts hereinbefore complained of," and for further relief.
On the filing of the bill, the Circuit Court granted a temporary injunction, as prayed for, and ordered notice to the defendant to show cause on May 2, 1895, why it should not be continued in force; and on that day, after a hearing, ordered it to be continued until the final determination of the case, or until the further order of the court. 67 Fed. Rep. 818.
The defendant appealed to the Circuit Court of Appeals, which, on June 11, 1895, reversed the orders of the Circuit Court, dissolved the injunction, and remanded the case to that court with directions to dismiss the bill. 25 U.S. App. 383. The plaintiff, on September 4, 1895, appealed to this court; and the appeal was entered in this court on September 19, 1895.
The defendant moved to dismiss the appeal, assigning, as one ground of his motion, "that there is now no actual controversy involving real and substantial rights between the parties to the record, and no subject-matter upon which the judgment of this court can operate."
We are of opinion that the appeal must be dismissed upon this ground, without considering any other question appearing on the record or discussed by counsel.
The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence. Lord v. Veazie, 8 How. 251; California v. San Pablo & Tulare Railroad, 149 U.S. 308.
*654 If a defendant, indeed, after notice of the filing of a bill in equity for an injunction to restrain the building of a house, or of a railroad, or of any other structure, persists in completing the building, the court nevertheless is not deprived of the authority, whenever in its opinion justice requires it, to deal with the rights of the parties as they stood at the commencement of the suit, and to compel the defendant to undo what he has wrongfully done since that time, or to answer in damages. Tucker v. Howard, 128 Mass. 361, 363, and cases cited; Attorney General v. Great Northern Railway, 4 De G. & Sm. 75, 94; Terhune v. Midland Railroad, 9 Stew. (36 N.J. Eq.) 318, and 11 Stew. (38 N.J. Eq.) 423; Platteville v. Galena & Southern Wisconsin Railway, 43 Wisconsin, 493.
But if the intervening event is owing either to the plaintiff's own act or to a power beyond the control of either party, the court will stay its hand.
For example, appeals have been dismissed by this court when the plaintiff had executed a release of his right to appeal; Elwell v. Fosdick, 134 U.S. 500; or when the rights of both parties had come under the control of the same persons; Lord v. Veazie, 8 How. 251; Cleveland v. Chamberlain, 1 Black, 419; Wood Paper Co. v. Heft, 8 Wall. 333; East Tennessee Railroad v. Southern Telegraph Co., 125 U.S. 695; South Spring Co. v. Amador Co., 145 U.S. 300; or when the matter had been compromised and settled between the parties; Dakota County v. Glidden, 113 U.S. 222; or when, pending a suit concerning the validity of the assessment of a tax, the tax was paid; San Mateo County v. Southern Pacific Railroad, 116 U.S. 138; Little v. Bowers, 134 U.S. 547; Singer Co. v. Wright, 141 U.S. 696; or the amount of the tax was tendered, and deposited in a bank, which by statute had the same effect as actual payment and receipt of the money; California v. San Pablo & Tulare Railroad, 149 U.S. 308.
Where appeals were taken from a decree of foreclosure and sale, and also from decrees made in execution of that decree, and the principal decree was reversed, it was held that the later appeals having been annulled by operation of law, their subject-matter was withdrawn, and they must be dismissed *655 for lack of anything on which they could operate. Chicago & Vincennes Railroad v. Fosdick, 106 U.S. 47, 84.
Where, pending an appeal from a decree dismissing a bill to restrain a sale of property of the plaintiff under assessments for street improvements, and to cancel tax lien certificates, the assessments and certificates were quashed and annulled by a judgment in another suit, the appeal was dismissed, without costs to either party. Washington Market Co. v. District of Columbia, 137 U.S. 62.
Where, pending a writ of error in an action which did not survive by law, the plaintiff died, the writ of error was abated. Martin v. Baltimore & Ohio Railroad, 151 U.S. 673.
In the great case of The State of Pennsylvania v. The Wheeling and Belmont Bridge Company, which was a bill in equity filed in this court, under its original jurisdiction, for an injunction against the construction and maintenance of a bridge across the Ohio River to the obstruction of the free navigation of the river, this court entertained jurisdiction, and on May 27, 1852, decreed that the bridge was an obstruction and a nuisance, and should be either abated or elevated so as not to interfere with the free navigation of the river, and awarded costs against the defendant; but suspended the enforcement of the decree for a limited time, to allow the defendant to carry out a scheme by which the obstruction to navigation might be removed. 13 How. 518, 626, 627. By the act of Congress of August 31, 1852, c. 111, § 7, the defendant was authorized to have and maintain the bridge at its then site and elevation; and the officers and crews of all vessels and boats navigating the river were required to regulate the use of their vessels and boats, and of any pipes or chimneys belonging thereto, so as not to interfere with the elevation and construction of the bridge. 10 Stat. 112. The bridge having been blown down by a violent storm in the summer of 1854, and the defendant preparing to rebuild it according to the original plan, the plaintiff, on June 26, 1854, obtained from Mr. Justice Grier in vacation an injunction, which was served upon the defendant, notwithstanding which it proceeded with the erection of the bridge, and completed it in November, *656 1854. At December term, 1854, of this court, the defendant moved to dissolve that injunction; and the plaintiff filed motions for a sequestration against the defendant, and for an attachment for contempt against its officers, for disobeying the former decree of this court and the injunction of Mr. Justice Grier, and for an execution for the costs awarded by the former decree of this court. This court held that the act of 1852 was a constitutional exercise of the power of Congress to regulate interstate commerce, and that since that act the portion of its former decree which directed the alteration or abatement of the bridge could not be carried into execution; and therefore denied the plaintiff's motions for sequestration and attachment, dissolved the injunction, and only granted to the plaintiff execution for the costs decreed by this court before the passage of the act of Congress. 18 How. 421, 431, 436, 459, 460.
In a suit by a county to restrain a railroad corporation from building a railroad along a public highway, the Supreme Court of Iowa held that an order refusing an injunction, though erroneous when made, should not be reversed, when the legislature, pending the appeal, had authorized the act complained of. Linn County v. Hewitt, 55 Iowa, 505.
Still more analogous to the present case is one brought before the Court of Appeals of New York, and stated in its opinion as follows: "This action was commenced to restrain certain persons from proceeding to incorporate the village of North Tarrytown under the general act of the legislature authorizing the incorporation of villages. The persons made defendants are those who signed the notice required, and the officers of the town who would be inspectors of the election. A temporary injunction was obtained, which was dissolved, and the election was held, and a majority of votes determined in favor of the incorporation, and the proceedings for such incorporation have been perfected, village officers chosen, and the corporation is in operation. By a supplemental complaint these facts were set up, and judgment demanded that all these acts be declared null and void. The grounds of the action are that the statute was not complied with, and that *657 the statute itself is unconstitutional. We do not deem it necessary to determine whether the action is maintainable as originally commenced. As it appeared upon the trial, and is presented to us upon appeal, no effectual judgment can be rendered in it. The acts sought to be restrained have been consummated, and from a project to incorporate a village, the village has become incorporated. The defendants are not necessary or proper parties to the action upon the facts disclosed at the trial. The village itself, or the trustees who are now exercising the franchise, are the necessary parties to the action, and an injunction restraining the defendants would have no practical effect upon the corporation. We do not deem it proper, therefore, to express an opinion upon the points presented, involving the validity of the statute or the regularity of the proceedings under it, for the reason that a decision could not be made effectual by a judgment." People v. Clark, 70 N.Y. 518.
In the case at bar, the whole object of the bill was to secure a right to vote at the election, to be held, as the bill alleged, on the third Tuesday of August, 1895, of delegates to the constitutional convention of South Carolina. Before this appeal was taken by the plaintiff from the decree of the Circuit Court of Appeals dismissing his bill, that date had passed; and, before the entry of the appeal in this court, the convention had assembled, pursuant to the statute of South Carolina of 1894, by which the convention had been called. 21 Statutes of South Carolina, pp. 802, 803. The election of the delegates and the assembling of the convention are public matters, to be taken notice of by the court, without formal plea or proof. The lower courts of the United States, and this court, on appeal from their decisions, take judicial notice of the constitution and public laws of each State of the Union. Owings v. Hull, 9 Pet. 607, 625; Lamar v. Micou, 112 U.S. 452, 474, and 114 U.S. 218, 223; Hanley v. Donoghue, 116 U.S. 1, 6; Fourth National Bank v. Francklyn, 120 U.S. 747, 751; Gormley v. Bunyan, 138 U.S. 623; Martin v. Baltimore & Ohio Railroad, 151 U.S. 673, 678. Taking judicial notice of the constitution and laws of the State, this court must take judicial *658 notice of the days of public general elections of members of the legislature, or of a convention to revise the fundamental law of the State, as well as of the times of the commencement of the sitting of those bodies, and of the dates when their acts take effect. 1 Greenl. Ev. § 6; Brown v. Piper, 91 U.S. 37, 42; Gardner v. Collector, 6 Wall. 499; Hoyt v. Russell, 117 U.S. 401; Jones v. United States, 137 U.S. 202, 216.
It is obvious, therefore, that, even if the bill could properly be held to present a case within the jurisdiction of the Circuit Court, no relief within the scope of the bill could now be granted.
Appeal dismissed, without costs to either party.