### UNITED STATES v. ELLIOTT.

(Circuit Court, D. Utah. May 14, 1896.)

ACTIONS—CHANGE OF CIRCUMSTANCES PENDING SUIT.

    A suit was brought, under the act of February 25, 1885 (23 Stat. 321), to prevent unlawful occupancy of public lands, by the United States against one E., in a court of the territory of Utah, and was defended on the ground that the land in question, being a part of one of the sections reserved to be applied to schools when Utah should become a state, was not public land. After two appeals it was decided by the supreme court of the territory that the land, in spite of the reservation, not having been yet applied to the purpose thereof, was public land, and the case was remanded to the trial court for further proceedings. Before such proceedings were taken, Utah became a state, under the enabling act, providing that the land in question was granted to the state for public schools, and the case

was transferred to the circuit court for the district of Utah. *Held*, that as the inclosure complained of was no longer unlawful, under the act of February 25, 1885, the bill must be dismissed.

John W. Judd, U. S. Atty.

John M. Zane, for defendant.

MARSHALL, District Judge. This action was brought under the act of February 25, 1885, entitled "An act to prevent unlawful occupancy of public lands." 23 Stat. 321. The relief sought is an injunction against the maintenance by defendant of an inclosure of certain lands, claimed to be "public lands," within the meaning of the statute, and that the existing inclosure be destroyed. The complaint was filed in a court of Utah territory on December 12, 1889, and to it an answer was made denying the inclosure of any public lands. On November 5, 1890, a trial was had in the territorial court on an agreed statement of facts, adopted as a finding by the court. By this statement it appeared that the defendant had erected and maintained an inclosure of about 447 acres of section 16, township 15 S., of range 13 E., Salt Lake meridian, situated in Utah; that the section in question had been officially surveyed and designated prior to the defendant's occupancy; and that the defendant had not at the time of erecting the inclosure, or since that date, any claim or color of title made or acquired in good faith, nor had he asserted any right thereto under such a claim, with a view to its entry under the land laws of the United States. In behalf of the defendant it was contended that as section 16 was reserved from settlement, for the purpose of being applied to schools when Utah should become a state (section 1946, Rev. St.), it was not included in the words "public lands," as used in the act of February 25, 1885. The court, however, rendered a decree for the plaintiff, in which the defendant was perpetually enjoined from maintaining the inclosure, and upon his failure to remove it the inclosure was ordered to be destroyed. From this decree an appeal was taken to the supreme court of the territory, which on July 1, 1891, reversed it, and sustained the defendant's contention. 7 Utah, 389, 26 Pac. 1117. The case was then remanded to the trial court, which, in pursuance of the mandate, and on the former findings of fact, dismissed the complaint. From this decree the United States appealed to the supreme court of the territory, which on August 31, 1895, reversed it, disapproved of its prior decision, and held that the words "public lands," as used in the act in question, included lands which, although reserved for the purpose of being applied to schools, had not yet been so applied. 41 Pac. 720. The case was then remanded to the trial court for further proceedings. This was the condition of the litigation when Utah became a state, and the case was then transferred to this court by operation of law. It is here submitted on the same agreed statement of facts. It is contended here, however, that the land has now, at all events, ceased to be a portion of the public lands of the United States, and that no part of the relief sought can be granted.

By section 6 of the Utah enabling act (28 Stat. 109), it is provided "that upon the admission of said state into the Union, sections

numbered two, sixteen, thirty-two and thirty-six in every township of said proposed state  *  *  *  are hereby granted to said state for the support of common schools.  *  *  *,"  This grant took effect on January 4, 1896,—the date of the admission of the state. The land inclosed was a portion of section 16, and not within any of the exceptions. It therefore passed to the state on the date named. It will be seen that the inclosure is no longer unlawful, under the act of February 25, 1885. No law of the United States is violated, and no right or interest of the United States is affected, by its maintenance. The right to abate it is therefore lost. The court sits to determine actual controversies, not moot questions; and as no act or default of the defendant has caused the intervening event, which precludes the granting of the relief sought, the case falls within the principle stated by the supreme court of the United States in State v. Wheeling & B. Bridge Co., 18 How. 421, and in Mills v. Green, 159 U. S. 651–653, 16 Sup. Ct. 132. It follows that the complainant's bill must be dismissed, and it is so ordered.