## KATZ et al. v. CITY OF SAN ANTONIO et al.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1899.)

No. 673.

APPEAL FROM INTERLOCUTORY DECREE—NEGLIGENCE IN PROSECUTION—DISMISSAL.

> An appeal from an interlocutory order refusing a preliminary injunction to restrain the expenditure by a city of a fund on which complainants claimed a lien, which appeal is required by the rules of the circuit court of appeals to be made returnable within 10 days, will be dismissed, where it was made returnable in 30 days, and the time was afterwards extended by agreement, and the appellants permitted an entire term of court to pass without bringing the matter to a hearing, during which time the fund in controversy had been paid out by the defendant, leaving no practical question between the parties to be determined on such appeal.

Appeal from the Circuit Court of the United States for the Western District of Texas.

Arthur W. Seeligson and C. L. Bates, for appellants.

R. B. Minor, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. The bill in this case was filed in the circuit court by the appellants to assert an equitable lien upon the sewer fund of the city of San Antonio, and to secure appellants in payment of $4,954.67, the alleged balance due them for the construction of an outfall sewer for the city under a contract between the parties. The bill seeks an injunction against the disbursement and diversion of that part of the sewer fund remaining in the city treasury to the credit of the contract account, and prays for an injunction to that end, and for an accounting and payment out of the sewer fund of the balance found due. A motion for a preliminary injunction was heard in the circuit court, and was denied on the 6th of November, 1897. In the order denying the preliminary injunction an appeal was allowed to this court, which appeal was perfected on the 19th of November, 1897, by an assignment of errors, and giving a bond duly approved by the judge, on which day the citation was issued, fixing the return day at 30 days. Under the rules of this court, "appeals taken from interlocutory decrees under the 7th section of the act entitled 'An act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' approved March 3d, 1891, as said 7th section is amended by an act approved February 18th, 1895, shall be made returnable not exceeding ten days from the day of taking the same." Rule 14 (31 C. C. A. xci.,

90 Fed. xci.). The appellants, proceeding under the theory that they had 30 days within which to make the return, let pass the 30 days; and then, by an agreement between counsel, approved by one of the judges of this court, the return day and for filing the transcript was extended to 60 days from and after the date of citation. The original record appears to have been filed in this court on January 18, 1898, and a printed copy of the same was filed April 12, 1898. Under the act organizing this court, and the rules in pursuance thereof, appeals from interlocutory decrees are entitled to precedence. The appellants allowed all of last term to expire, and the case is only set down at this term on being reached in its regular order. On May 2, 1898, the appellees filed a motion to dismiss the appeal, because, since the rendition of the decree appealed from, the whole of the fund of $4,954.67, the expenditure whereof was sought to be enjoined by bill in this cause, has been, by the city of San Antonio, paid out and expended in making repairs and corrections of defective work on the outfall sewers of said city; and it is now undisputed that, pending the delays in hearing this appeal, the fund sought to be protected by injunction, and to be kept in the city treasury, has been paid out and expended, and placed beyond the reach of the court. Under these circumstances, we are of opinion that the appeal should be dismissed—First, because the appellants have been negligent in prosecuting their appeal; and, second, because, since the fund sought to be protected and preserved has been paid out and expended, the matters presented by the assignments of error in this appeal have become abstract questions, the decision of which would be without profit to any of the parties in the case. Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132. Appeal dismissed.