## LA HOGUE DRAINAGE DIST. NO. 1 OF IROQUOIS COUNTY, ILL., et al. v. WATTS.

(Circuit Court of Appeals, Seventh Circuit. May 25, 1910.)

No. 1,638.

1. APPEAL AND ERROR (§ 1176*)—APPEAL FROM INTERLOCUTORY ORDER—REVERSAL—DIRECTION OF DISMISSAL.

If the averments of a bill in a federal court furnish no support for the relief prayed for, its dismissal may be directed by the appellate court on an appeal from an interlocutory order granting an injunction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1176.*]

2. SPECIFIC PERFORMANCE (§ 74*)—CONTRACTS ENFORCEABLE—CONTRACTS FOR PUBLIC WORK.

A court of equity will not decree specific performance of a contract for the construction of a public drainage ditch, at suit of the contractor, where the work requires special skill, and the contract contemplates supervision by the drainage district.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 209; Dec. Dig. 74.*]

Appeal from the Circuit Court of the United States for the Eastern District of Illinois.

Suit in equity by Edwyn E. Watts against the La Hogue Drainage District No. 1 of the County of Iroquois, State of Illinois, and Louis Kraft, Jr., Patrick Drinan, and Albert Vandervliet, Commissioners. From an order granting a preliminary injunction, defendants appeal. Reversed and remanded, with directions to dismiss bill.

A. F. Goodyear, for appellants.
Walter C. Lindley, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. This appeal is from a preliminary injunctional order, granted under the appellee's bill filed to enforce specific performance of an alleged contract entered into between the parties for the construction of "dredge ditches" in the appellant drainage district. The order enjoins the appellants both from proceeding to readvertise or relet contracts for such work, and from interference with attempted performance on the part of the appellee, by "proceedings to declare a forfeiture" of his contract or other means. It was allowed July 1, 1909, upon hearing of the bill, answer, and voluminous affidavits for and against the application, and the appeal therefrom has not been pressed for hearing until the lapse of a year from the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

named in the contract for completion of the work. Whether the injunction was authorized or unauthorized, it left the appellee free to carry on the contract work; and the averments of the bill justify an inference that it may have been completed meantime. The contract provided that the appellee should "begin building his dredges on the work on or before" October 1, 1908, and that the entire work "be completed on or before the last day of April," 1909, unless the time was extended or work "delayed by unavoidable conditions or accident." While the bill avers that weather conditions prevented operations within such period, it states (in effect) readiness in all respects for speedy performance thereafter, if allowed to proceed. So, were no interests or question involved other than the abstract rightfulness of such stay order, it is probable that no standing would appear to entertain the appeal at this time, as raising an issue which has become moot. Mills v. Green, 159 U. S. 651, 653, 16 Sup. Ct. 132, 40 L. Ed. 293. We are impressed, however, with another aspect of the appeal which affects the groundwork of relief sought under the bill and calls for determination without postponement to final hearing. The alleged contract in suit is not only for public work, wherein public interests are involved both in the execution and in prompt performance; but the bill rests alone on alleged equities of the appellee, as contractor, to entitle him to have specific performance thereof enforced in equity. In other words, it necessarily involves "judicial superintendence and execution of the performance" (Pomeroy on Contracts, Spec. Perform. [2d Ed.] § 23); and if the averments of the bill furnish no support for such relief, not only is the order appealed from unsupported, but dismissal of the bill may be directed "to save the parties from further litigation" thereunder (Smith v. Vulcan Iron Works, 165 U. S. 518, 525, 17 Sup. Ct. 407, 41 L. Ed. 810; Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 494, 20 Sup. Ct. 708, 44 L. Ed. 856). In such event the contract rights of the parties remain undisturbed by the decree. If the contractor has performed, or completes the work substantially within the contract provisions, or completion is unreasonably prevented by the other party, his legal remedies are clearly open. On the other hand, it appears to be of primary concern to the appellants to have completion of the work without further delay; and if unreasonable delay has intervened on the part of the contractor, or other breach has occurred, causing damage to the district, the legal remedy on its behalf is likewise open. So no complications appear to defer the inquiry whether equitable jurisdiction to enforce specific performance is authorized under the bill.

The general rule is well settled that contracts of the nature described in the bill are not thus enforceable, for reasons which are elementary in equity. 3 Pomeroy's Equity Jur. § 1402, p. 2159; Pomeroy on Contracts (Spec. Perform.) § 23; Fry on Specific Performance, c. 2; Marble Co. v. Ripley, 10 Wall. 339, 350, 19 L. Ed. 955, 7 U. S. Notes, 331, 333. Exceptions to the general rule are recognized in reference to works constructed under grants, franchises and like contracts, where no adequate remedy exists at law and the

"ordinary means and instrumentalities of equity" are adequate for mutual enforcement, as clearly defined in the authorities cited; but no sanction appears, as we believe, for such relief under the present bill. The alleged contract is for dredging ditches in the drainage district, involving special skill in the performance (as averred in the bill), and intending oversight throughout on behalf of the appellants, thus bringing it within the elementary doctrine uniformly upheld, that equity will not undertake to enforce specific performance of such contracts when mutuality of enforcements is impracticable.

For the reason stated, we are of opinion that the bill states no cause for equitable relief, and that it is unnecessary to consider the further contention of adequate remedy at law. The injunctional order of the Circuit Court is reversed accordingly, and the cause remanded, with direction to dismiss the bill for want of equity.