George J. MOUGIOS, Plaintiff,

v.

W. R. GRACE & CO., Defendant.

No. 71 Civ. 1978.

United States District Court,
S. D. New York.

June 25, 1971.

Linden & Deutsch, New York City, for plaintiff; Joseph Calderon, New York City, of counsel.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant; Lawrence J. McKay, Allen S. Joslyn, Lawrence C. Browne, Michael P. Tierney, New York City, of counsel.

## MEMORANDUM

GURFEIN, District Judge.

This is a motion for summary judgment by the defendant under Rule 56 of the Rules of Civil Procedure.

Plaintiff Mougios is a stockholder of defendant W. R. Grace & Co. On December 3, 1970, Mougios purporting to act under Section 14 of the Securities Exchange Act of 1934 and Rule 14a–8 submitted to Grace a proposal for inclusion in Grace's proxy materials of the following resolution:

> "BE IT RESOLVED that the Board of Directors of W. R. Grace & Co. be censured for disposing of the Grace Line, Inc., a wholly owned subsidiary of W. R. Grace & Co., at a loss of $32,000,000 to the corporation."

Grace advised Mougios on February 22 that it would omit his proposed resolution from the proxy statement. On April 8 the SEC advised Grace and Mougios that it would take no action on this omission. On April 23, 1971 the full Commission declined to review the staff decision. Mougios filed the complaint herein on May 5, 1971, and moved for a preliminary injunction before Judge Tenney who denied the motion. Grace held its annual meeting as scheduled on May 10, 1971.

On the same day as the plaintiff commenced the instant action he sought review of the Commission's action by petitions for review in the U. S. Court of Appeals for the Second Circuit.

Plaintiff also had filed a suit in the Superior Court of Connecticut against Grace to recover an alleged finder's fee arising out of the very sale which was the subject matter of the attempted censure in the proxy statement. Grace is not a party to the petition for review of the Commission order in the Court of Appeals. The only relief sought in the instant action related to the Grace annual meeting of May 10, 1971.

The plaintiff opposes the motion for summary judgment upon the ground that the Court of Appeals may rule in his favor, in which event he would amend the present complaint to seek relief respecting the 1972 annual meeting. The plaintiff cites Medical Committee for Human Rights v. SEC, 432 F.2d 659 (D.C. Cir. 1970), as a prophecy that he will prevail in the Second Circuit Court of Appeals.

Even though the review of the Commission's action may not have become moot (see Medical Committee for Human Rights v. SEC, *supra*), the injunctive relief sought in this Court as to the 1971 meeting is moot, that meeting having been held. See for example, Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895); Bynum v. Burns, 379 F.2d 229 (8th Cir. 1967); McKee & Co. v. First National Bank of San Diego, 397 F.2d 248 (9th Cir. 1968). There is here no claim for damages as in J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) which can survive that annual meeting. What may happen in relation to the 1972 annual meeting remains for the future. Here, there being no triable issue of fact on the equitable relief sought, the motion for summary judgment in favor of defendant must be granted.

Motion granted.