**David Barton STEVENSON**

v.

**FEDERAL SAVINGS & LOAN INSURANCE CORP., as Receiver for Gibraltar Savings Assoc.**

**Civ. A. No. G–89–026.**

United States District Court, S.D. Texas, Galveston Division.

July 28, 1989.

Joseph D. Halterman, Houston, Tex., for plaintiff.

Wanda Louise McKee and Michael Lee Brooks, Houston, Tex., for defendant.

MEMORANDUM ORDER

HUGH GIBSON, District Judge.

Plaintiff filed this DTPA action against Gibraltar Savings in June or July of 1987,

in the 149th District Court of Brazoria County, Texas. On December 26, 1988, Gibraltar was declared insolvent, and the Federal Savings & Loan Insurance Corporation (FSLIC) was appointed as its receiver. The case was then removed to this Court. Now pending before the Court is FSLIC's motion to dismiss.

The Court finds FSLIC's motion is well taken. Dismissal is appropriate because the case is lacking in justiciability. A justiciable claim is one that is not academic or moot. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). In the case *sub judice,* even if the plaintiff were to succeed on his claims, his status would not be enhanced. A judgment in plaintiff's favor would merely make him a general unsecured creditor of the receivership. Since the Federal Home Loan Bank Board (Bank Board) has already determined that the failed institution's assets were insufficient to cover its liabilities to its secured creditors and depositors, there is nothing for the plaintiff to recover. Absent a court decision that the Bank Board's worthlessness determination was arbitrary and capricious, and a subsequent agency determination that assets do exist to pay the unsecured creditors, there is no effectual relief that can be granted in the plaintiff's favor. *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895). In other words, the case is moot. *See id.* Moreover, the benefits, if any, to be derived from adjudicating the plaintiff's worthless claims are greatly outweighed by the expense of litigation. Judicial resources are scarce enough, and to permit gratuitous litigation would only exacerbate the problem. Accordingly, equitable considerations demand that this case be dismissed.

It is, therefore, ORDERED, ADJUDGED, and DECREED that the defendant's motion to dismiss is GRANTED. This case is DISMISSED.