68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Keith Brown EL, Appellant,
v.
Paul DELO; Jim Amacker; Jerry Oberbreck; Ray Pogue, Appellees.
 No. 94-3279.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: July 27, 1995.
Filed: July 27, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Brown El, a Missouri inmate, appeals from the district court's[1] final judgment entered in his action for declaratory and injunctive relief. We affirm.
 
 
 2
 After Brown El was found guilty and placed in administrative segregation for assaulting correctional officers, he filed a petition seeking declaratory and injunctive relief "pursuant to 28 U.S.C. Secs. 2201 and 2202." He claimed that defendant Potosi Correctional Center (PCC) officials violated his due process rights by not providing to the prison disciplinary board the favorable results of a Psychological Stress Examination (PSE) he underwent. He also claimed he was denied due process in subsequent administrative segregation reviews, because the PSE results were not placed in his file, and because he was retained in administrative segregation without any articulated reason. Brown El sought a declaration that he had a due process right to have the PSE results placed in his file or that he had a right to a new disciplinary hearing in which the PSE results would be considered, and he sought an injunction ordering his immediate release from administrative segregation.
 
 
 3
 During the pendency of the action, defendants provided evidence that Brown El had been transferred from PCC to the Missouri Eastern Correctional Center and released from administrative segregation. The district court dismissed Brown El's injunctive claim as moot, and granted defendants judgment on the pleadings on Brown El's claims for declaratory relief.
 
 
 4
 "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " Church of Scientology of Cal. v. United States, 113 S. Ct. 447, 449 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). As Brown El has been released from administrative segregation and transferred to another prison facility, the relief he requests would have no effect; thus his claims are moot. Because the district court's judgment on the pleadings was based on its finding of mootness, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri