62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re ALLUSTIARTE, Debtor.
Ben W. ALLUSTIARTE; Linda M. Allustiarte, Debtors-Appellants,
v.
UNITED STATES TRUSTEE; W. Austin Cooper, Trustees-Appellees.
 No. 94-15739.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1995.*
Decided Aug. 3, 1995.
 
 Before: GOODWIN, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this appeal, the Allustiartes contend that the bankruptcy court abused its discretion in approving the Settlement Agreement as to the Allustiarte Estate. The district court held that the appeal was moot, and in the alternative that the appeal failed on the merits. We affirm.
 
 
 3
 Because the Allustiartes' bankruptcy was filed prior to October 1, 1979, the Bankruptcy Act of 1898 as amended controls. Southwestern Media, Inc. v. Rau, 708 F.2d 419, 421 n. 1 (9th Cir.1983).
 
 
 4
 The Allustiartes make numerous arguments in support of their contention that the bankruptcy court abused its discretion in approving the settlement agreement. We do not reach or address the merits of their arguments, because we determine that the Allustiartes claim was moot.
 
 
 5
 On January 15, 1992, Cooper filed a motion for approval of a compromise between the Allustiarte bankruptcy estate, the Rudnick bankruptcy estate, and seven other secured creditors. On March 23, the bankruptcy court held a hearing on the motion and entered its Order Approving Settlement Agreement and Authorizing Distribution of Funds. On March 24, the Allustiartes appealed this Order. The Allustiartes sent an ex parte letter to Judge Dahl requesting that the court refrain from distributing funds because the court lacked jurisdiction after filing of the appeal, but did not file any motion. The Allustiartes did not file a motion for stay pending appeal until July 27, 1992, which they noticed for December 4, 1992. The Allustiartes also sought additional extensions of time causing delay. The motion for a stay pending appeal was denied on November 25, 1992, by Judge Garcia, and the denial was not appealed.
 
 
 6
 This case is similar to In re Combined Metal Reduction Co., 557 F.2d 179 (9th Cir.1977). In Combined Metals, the court affirmed the district court's determination that the appeal was moot. The court stated that "[g]enerally an appeal will be rendered moot when events occur which prevent the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant." Id. at 187 (citing Mills v. Green, 159 U.S. 651 (1895)). "[S]ince the sales, leases and options have long since been consummated, the trustee contends that a reversal of the various district court orders would be ineffective to undo what has already been done." Id. The court agreed with this reasoning and found the appeals moot. Id. at 191; see also Central States, Southeast and Southwest Areas Pension Fund v. Central Transportation, Inc., 841 F.2d 92, 96 (4th Cir.1988) (a challenge to a reorganization plan is moot "when the implementation of the plan has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available.").
 
 
 7
 As in the case at bar, the appellant in Combined Metals had sought, but not obtained a stay of the orders. Also as in the case at bar, the creditors are not parties to this appeal. The Combined Metals court reasoned that "[e]ven if the district court's orders were to be reversed, the property transfers would still be valid and final. Those transfers simply cannot be voided or rescinded by us in this proceeding, where the purchasers, lessees, and optionees are not parties, and where the transactions have been consummated by the trustee." Id. at 190, compare In re Andreuccetti, 975 F.2d 413, 418-19 (7th Cir.1992) (district court's determination that the appeal was moot was erroneous where not all the transactions were consummated and the creditors were still parties before the court).
 
 
 8
 The cases cited by the Allustiartes are distinguishable. In In re Int'l Environmental Dynamics, Inc., 718 F.2d 322 (9th Cir.1983), the court determined that relief was available since the parties from which the funds were sought was the very party before the court. The court could "fashion effective relief by remanding with instructions to the bankruptcy court to order the return of erroneously disbursed funds." Id. at 326. Similarly in In re Spirtos, the debtor was a party to the appeal and could be ordered to repay money to the estate. In re Spirtos, 992 F.2d at 1006-07. In In re Golden Plan of California, 829 F.2d 705 (9th Cir.1986), the appeal was not moot because the trustee held over $1 million from which relief could be obtained. Id. at 708.
 
 
 9
 While there may be exceptions to this mootness doctrine, none apply in the circumstances of this case. Combined Metal controls, and the appeal is moot.
 
 
 10
 This appeal is frivolous. We take judicial notice that more than 40 appeals have been generated by the Allustiartes in the Rudnick and Allustiarte bankruptcies. That is an unreasonable burden on the Rudnick bankruptcy estate and this court. Rule 38 provides:
 
 
 11
 If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
 
 
 12
 Fed.R.App.P. 38 (emphasis added); see also 28 U.S.C. Sec. 1912. The Allustiartes shall pay double costs and $500 as partial attorneys' fees to appellee unless, within thirty days, they show cause why sanctions should not be imposed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3