113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re CLAREMONT ACQUISITION CORPORATION, INC.; Claremont
Pontiac/GMC Truck, Inc.; Claremont Ford, Inc.; Claremont
Cadillac, Inc.; Claremont Isuzu, Inc.; and Claremont
Hyundai, Inc., Debtors. (Two Cases)
Cal WORTHINGTON; Cal Worthington Dodge, Inc.; and
Claremont Acquisition Corporation, Inc., Appellants,
v.
GENERAL MOTORS CORPORATION, Appellee.
GENERAL MOTORS CORPORATION, Appellant,
v.
Cal WORTHINGTON; Cal Worthington Dodge, Inc.; Claremont
Acquisition Corporation, Inc.; Claremont Pontiac/GMC Truck,
Inc.; Claremont Ford, Inc.; Claremont Cadillac, Inc.;
Claremont Isuzu, Inc.; and Claremont Hyundai, Inc., Appellees.
 Nos. 95-56527, 95-56589.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided May 13, 1997.
 
 1
 Appeals from the United States District Court for the Central District of California, No. CV 95-03248-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 
 
 2
 C.D.Cal., 186 B.R. 977.
 
 
 3
 REVERSED.
 
 
 4
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,* Senior District Judge:
 
 
 5
 MEMORANDUM**
 
 I.
 
 6
 Appellee General Motors Corporation ("GM") has moved to dismiss Appellant Worthington Dodge, Inc.'s ("Worthington") appeal for lack of appellate jurisdiction. GM's first argument is that Worthington is not a "person aggrieved" by the district court's order because Worthington is nothing more than a "disappointed bidder" of Debtors' assets.
 
 
 7
 The panel is not persuaded by GM's argument. Viewing Worthington as a mere "disappointed bidder" for the GM Dealer Agreements ignores the fact that Worthington has already successfully purchased the remainder of Debtors' assets. See In re CFLC, 89 F.3d 673 (9th Cir.1996). Worthington was adversely and directly affected pecuniarily by the district court's ruling because the order deprived Worthington of the value of the GM Dealer Agreements. Thus, Worthington is a "person aggrieved" by the district court's order. Id.
 
 II.
 
 8
 GM also argues that Worthington's appeal is moot because Worthington voluntarily purchased Debtors' assets after the district court's order, even though the GM Dealer Agreements were not included in the sale. GM suggests that this action constituted an election by Worthington to waive transfer of the GM Dealer Agreements as a condition precedent to Worthington's obligation to purchase Debtors' assets.
 
 
 9
 "The test of mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986) (citing Mills v. Green, 159 U.S. 651, 653 (1895)). Thus, if this Court has the ability to "undo" the effects of the district court's order, the appeal is not moot. Id. In the instant case, nothing prevents this Court from reversing the district court and reinstating Worthington's rights to the GM Dealer Agreements. Worthington's appeal was in no way rendered moot by its decision to go ahead and purchase the remainder of Debtors' assets.
 
 III.
 
 10
 The panel finds that Worthington is a "person aggrieved" by the district court's order and that Worthington's appeal is not moot. Accordingly, GM's Motion To Dismiss Appeal For Lack Of Jurisdiction is DENIED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3