**Scott Andrew MARQUART,**
**Plaintiff–Appellant,**

v.

**Kenneth L. McGINNIS, individually and as Director of the Michigan Department of Corrections et al., Defendants–Appellees.**

No. 00–2065.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before BOGGS, and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

*ORDER*

Scott Andrew Marquart, a former Michigan prisoner, has filed an appeal from a district court judgment in favor of the defendants on his civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants-appellees now move this court to dismiss this appeal for lack of jurisdiction.

In June 1996, Marquart filed a complaint against several Michigan Department of Corrections ("MDOC") officials. Relying upon the First Amendment and the Fourteenth Amendment Equal Protection Clause, Marquart, a former Michigan prisoner, alleged that the defendants refused to allow group worship services to be held by the Church of Jesus Christ Christian ("CJCC"), a white-supremacist, neo-Nazi religious group to which Marquart belongs. Marquart also alleged that the defendants improperly designated him as a Security Threat Group I ("STG–I") member because of his CJCC membership, which resulted in the imposition of various security measures upon him. Marquart

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

sought injunctive relief compelling the defendants to allow group worship services for CJCC members and to remove the STG–I designation from his prison file.

Counsel was appointed to represent Marquart during the proceedings below. On August 15, 2000, following a bench trial, the district court entered judgment for the defendants. Marquart filed a timely notice of appeal and is now proceeding pro se.

In the instant motion, the defendants request this court to dismiss this appeal for lack of jurisdiction. The defendants contend that Marquart was released from the custody of the MDOC on April 11, 2001, and that due to his release, his claims for injunctive relief are now moot. Because the appeal is moot, the defendants contend that this court lacks jurisdiction to decide this case because it no longer presents a case or controversy within the meaning of Article III of the Constitution. In support of their motion, the defendants submitted the affidavit of Delores Crosby, MDOC Records Office Supervisor, in which Crosby certifies that Marquart was released from the MDOC on April 11, 2001.

"According to Article III of the Constitution, this court only possesses jurisdiction over actual cases and controversies that will affect the rights of the litigants." *Rosales–Garcia v. Holland,* 238 F.3d 704, 713 (6th Cir.2001). A case that has become moot due to the occurrence of some event fails to satisfy the case or controversy requirement of Article III. U.S. Const. Art. III, § 2; *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986). A case becomes moot if, during the pendency of the litigation, an event occurs "that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)); *see also Rosales–Garcia,* 238 F.3d at 713; *Carras,* 807 F.2d at 1289.

We conclude that this court lacks jurisdiction over this appeal, as it is moot. The issues involved in this case no longer present a live case or controversy between the parties. Since Marquart has been released from the custody of the MDOC, he is no longer subject to the restrictions on group worship services for CJCC members or the restrictions imposed as a result of his STG–I designation. In fact, if this court were to grant the injunctive relief requested by Marquart, it would have no affect upon him.

Accordingly, the defendants' motion to dismiss is granted.