UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RUDOLPH A. GREENE, SR.; KAREN
DOWHITE; SHEILA DIANE DOWHITE,
        *Plaintiffs-Appellees,*

        v.

FAMOUS PAWN, INCORPORATED,
        *Defendant-Appellant,*

        and

FAMOUS PAWNBROKERS/FIRST CASH
LOANS; FAMOUS PAWNBROKERS, a/k/a
JB Pawn, Incorporated; FIRST CASH
FINANCIAL SERVICES, INCORPORATED;
UNKNOWN OTHER PERSONS AND
ENTITIES,

        *Defendants.*

No. 02-2263

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-1374-AMD)

Submitted: June 30, 2003

Decided: August 14, 2003

Before WIDENER, KING, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Kenneth L. Thompson, PIPER RUDNICK, L.L.P., Baltimore, Maryland; Claudia Callaway, Erin P. Lane, Rikki D. McCoy, PAUL, HASTINGS, JANOFSKY, & WALKER, L.L.P., Washington, D.C., for Appellants. John A. Bourgeois, KRAMON & GRAHAM, P.A., Baltimore, Maryland; John T. Ward, WARD KERSHAW, Baltimore, Maryland, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Famous Pawn, Inc. ("Famous Pawn") appeals the district court's orders denying its motion to reconsider its order denying motion to modify class definition and dismiss claims subject to arbitration and denying its motion to stay proceedings pending arbitration. The Federal Arbitration Act expressly permits an immediate appellate challenge to a district court's denial of a motion to stay proceedings pending arbitration. 9 U.S.C. § 16(a)(1)(A) (2000); *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631 (4th Cir.), *cert. denied*, 123 S. Ct. 695 (2002).

The record reveals, however, that the Plaintiffs' claims in question are not subject to an arbitration agreement.* The district court's further decertification of the class renders no plaintiff against whom the arbitration may be enforced and the proceedings stayed.

The Constitution limits the jurisdiction of Article III courts to mat-

---

*To the extent that Karen Dowhite signed the original arbitration agreement with respect to one claim, Famous Pawn does not take issue with this claim on appeal.

ters that present actual cases or controversies. *See* U.S. Const. art. III, § 2, cl.1. A matter that has become moot does not present an actual case or controversy. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). When a case has become moot after the entry of the district court's judgment, an appellate court no longer has jurisdiction to entertain the appeal. *Mills v. Green*, 159 U.S. 651, 653 (1895). We hold that the district court's decertification of the class renders this appeal moot.

Accordingly, we dismiss this appeal for lack of subject matter jurisdiction. We further deny Famous Pawn's motion for leave to file attachment to its brief and the Appellees' request for stay of appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*