

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-29-2008

# Pierre v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pierre v. BICE" (2008). *2008 Decisions.* Paper 1507.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1507

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3759
_____

LUMARC PIERRE

v.

BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT, SECRETARY OF
DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL OF THE
UNITED STATES
_____

On Review of a Decision of the Board of Immigration Appeals
Agency No. A37 323 492
Immigration Judge:  Annie S. Garcy
Transferred pursuant to the REAL ID Act from the
District of New Jersey (No. 04-cv-02481)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 30, 2007

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[*] <u>District Judge</u>.

(Opinion Filed: February 29, 2008)

_____

OPINION OF THE COURT

_____

---

[*] Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Lumarc Pierre was removed to Haiti in May 2006 after failing to seek a stay of deportation pending the resolution of his petition for review before this Court. Three months later, on August 21, 2006, appellate counsel was appointed to represent Pierre. Despite repeated efforts, however, counsel was unable to establish contact with Pierre to discuss his petition. This case presents the question whether Pierre's immigration claims can be considered notwithstanding his extended absence from this litigation, or whether his absence dictates a dismissal. Because Pierre failed to communicate with counsel or this Court for over eighteen months prior to submission of this case for our review, we will dismiss the petition as moot.

**I.**

Pierre, a native and citizen of Haiti, was admitted to the United States in 1982 as a lawful resident. Nine years later, Pierre pled guilty to sexual assault of a minor, in violation of N.J. STAT. ANN. § 2C:14-2B, for which he was sentenced to four years' imprisonment. This conviction was the basis for removal proceedings, which began when Pierre was served with a Notice to Appear ("NTA") on June 6, 2000. The NTA charged Pierre with removability for the commission of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Upon receipt of the NTA, Pierre applied for relief from removal in the form of asylum, withholding of removal, and relief under the Convention

Against Torture ("Convention"), basing his claims on his acquaintance with certain disfavored political Haitians and the prison conditions he would face if removed to Haiti. On December 13, 2000, following a hearing on the merits, an immigration judge ("IJ") denied Pierre's applications for relief and ordered him removed to Haiti. On May 18, 2001, the BIA affirmed the IJ's decision.

Thereafter, the procedural history of Pierre's case became increasingly complex because of concurrent challenges brought by Pierre in both the District Court and the immigration courts and an ever-changing body of immigration law. In these challenges, Pierre sought reconsideration of the denial of relief under the Convention and a discretionary waiver of removal under former § 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c) (repealed 1996); I.N.S. v. St. Cyr, 533 U.S. 289, 326 (2001) (holding that the repeal of § 212(c) did not apply to aliens who entered a plea of guilty before April 1, 1997, and who "would have been eligible for § 212(c) relief at the time of their plea under the law then in effect").

Eventually, in August 2004, the District Court agreed with the BIA that Pierre was ineligible for relief under § 212(c), denying his petition for a writ of habeas corpus. Pierre appealed to this Court, arguing that the denial of § 212(c) relief deprived him of due process of law because the IJ failed to consider Pierre's argument that he had been rehabilitated, and because the IJ held Pierre to an improperly elevated standard due to the nature of the crime underlying the charges of deportation. That appeal, which was

transformed into a petition for review of a final order of removal,[1] is presently before this Court.

Meanwhile, on April 5, 2005, the BIA denied relief under the Convention, and ordered Pierre deported. Pierre filed a motion for reconsideration with the BIA, which was rejected as untimely on October 27, 2005.[2]

In May 2006, and notwithstanding his rigorous pursuit of his claims for relief at all levels, Pierre was deported to Haiti. Three months later, in August 2006, we appointed counsel to represent Pierre. Shortly after entering his appearance, counsel noted in his opening brief that he "has been unable to contact Mr. Pierre about this petition." (Petr.'s Br. 8 n.3.) Upon further inquiry by the Court, counsel represented that he received contact information for Pierre in Haiti from a relative residing in the United States, but despite repeated efforts, had not succeeded in corresponding with Pierre. (Petr.'s Supp. Mem. 4-5.)

## II.

---

[1]The REAL ID Act of 2005, which came into effect on May 11, 2005, amended 8 U.S.C. § 1252(a)(2) to eliminate the federal district courts' habeas jurisdiction over challenges to final removal orders. See Francois v. Gonzales, 448 F.3d 645, 647 (3d Cir. 2006). We deal with a pending appeal from a district court's habeas petition by vacating the district court's opinion and addressing the claims raised in the habeas petition as if they were presented, in the first instance, as a petition for review of the BIA's decision. Id. at 648.

[2]Pierre's present petition for review did not technically arise out of the denial of relief under the Convention, but rather the denial of relief under § 212(c). Nevertheless, the brief filed by Pierre's appointed counsel suggests that we should consider the denial of relief under the Convention as part of the present proceeding.

-4-

Pierre's lack of communication with his attorney and his failure to maintain contact with this Court begs the question of whether he has abandoned his claims. The Supreme Court has repeatedly affirmed that the "duty" of federal courts "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Mills v. Green, 159 U.S. 651, 653 (1895); see also Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); Preiser v. Newkirk, 422 U.S. 395, 401 (1975); North Carolina v. Rice, 404 U.S. 244, 246 (1971). The principle that we will not decide moot cases is rooted in Article III, Section 2 of the Constitution, which limits our jurisdiction to "cases" or "controversies." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000) ("The Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence . . . ."); Rice, 404 U.S. at 246 ("[O]ur impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964))).[3] Because mootness implicates our Article III jurisdiction, we have an independent

---

[3]While mootness is "rooted" in the case or controversy requirement of Article III, we have also noted the "mootness doctrine's implicit common law concern with the more practical considerations of judicial economy . . . ." New Jersey Tpk. Auth. v. Jersey Cent. Power and Light, 772 F.2d 25, 31 n.11 (3d Cir. 1985).

obligation to determine whether a claim is moot before reaching the merits, even when, as here, the issue was not raised by the parties. See Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir. 2007); New Jersey Tpk. Auth. v. Jersey Cent. Power and Light, 772 F.2d 25, 30 n.10 (3d Cir. 1985).

The mootness doctrine requires that "an actual controversy [is] extant at all stages of review, not merely at the time the [petition] is filed." Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974); New Jersey Tpk. Auth., 772 F.2d at 31 (citations omitted). If "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief," we dismiss the petition as moot. Rendell, 484 F.3d at 240 (quoting In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003)).

This principle is exemplified when a petitioner dies pending resolution of a petition for review. Under such circumstances, "the court of appeals can no longer grant the relief that the alien seeks." McAllister v. Attorney General, 444 F.3d 178, 184 (3d Cir. 2006). The death of the petitioner renders claims for relief from deportation moot, requiring the dismissal of the petition. Id.

Similarly, a petition for review can become moot if it is abandoned by a party seeking relief, which removes any basis for meaningful relief. Subsequent to oral argument in Lin v. United States Dep't of Justice, 494 F.3d 296 (2d Cir. 2007), the Second Circuit learned that Lin's attorney could not locate him, and believed that he had either returned to China or was deceased. Id. at 300 n.2, 315. The Second Circuit

-6-

concluded that "[g]iven that we do not retain jurisdiction over Lin's claim if he has returned to China and has provided no explanation to overcome the presumption that his asylum application has been abandoned, *see* 8 C.F.R. § 1208.8,[4] or if he is deceased, Lin's petition is dismissed as moot." Id. at 315.

Moreover, representation by counsel, alone, is insufficient to support the existence of a case or controversy and avoid a finding of mootness. See 13A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3533.1 (2d ed. 1984); Kremens v. Bartley, 431 U.S. 119, 134 n.15 (1977). In Ellis v. Dyson, a civil rights case involving a challenge to a loitering ordinance, petitioners' counsel had not been in contact with their clients for approximately one year and were unaware of their whereabouts. 421 U.S. 426, 434 (1975). The Supreme Court remanded the case on other grounds, but noted that "[u]nless petitioners have been found by the time the District Court considers this case on remand, it is highly doubtful that a case or controversy could be held to exist." Id. Similarly, in Lin, representation by counsel did not impede a finding of mootness. Lin, 494 F.3d at 315.

While Pierre was removed from the United States pursuant to a court order, unlike the petitioner in Lin who presumably departed voluntarily, the outcome is no different.

---

[4]Section 1208.8, entitled 'Limitations on travel outside the United States,' states that "[a]n applicant who leaves the United States without first obtaining advance parole under § 212.5(f) of this chapter shall be presumed to have abandoned his or her application under this section." 8 C.F.R. § 1208.8(a).

During the eighteen months following Pierre's removal, Pierre made no contact with respect to this litigation. He has not communicated with the Court to provide an address for service or to indicate that he wishes to proceed with his petition. Pierre's appointed counsel indicated, on November 9, 2007, that he had never spoken with Pierre and that repeated efforts to contact Pierre in Haiti were unsuccessful. (Petr.'s Supp. Mem. 4-5.) In short, every indication supports our conclusion that Pierre has abandoned his claims, and his petition can no longer be considered a live case or controversy.

## III.

The petitioner's failure to pursue this litigation during a period of more than eighteen months makes it clear to us that his petition has been abandoned, and is therefore moot. For the foregoing reasons, we will dismiss the petition.