NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES LEROY HARRIS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7003

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-2287, Judge Mary J. Schoelen.

---

**ON MOTION**

---

Before PROST, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

**O R D E R**

James Leroy Harris, a veteran seeking Department of Veterans Affairs (DVA) disability compensation for hypertension, has appealed from a decision of the United States

Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus. The Secretary of Veterans Affairs moves to waive the requirements of Federal Circuit Rule 27(f) and to dismiss James Harris's appeal as moot. Harris has not filed a response.

In its order denying Harris's petition to compel the DVA to issue a decision on his claim, the Veterans Court concluded that any delay on the part of the DVA in not having issued an initial decision on Harris's hypertension claim was not so extraordinary as to justify mandamus relief. Harris's informal brief with this court argues that the DVA violated his due process rights in refusing to process his hypertension benefits claim, asserting that the DVA had "no intention" of ever issuing an initial decision. In his motion to dismiss, the Secretary informs the court that on December 21, 2012 the DVA regional office (RO) issued its initial decision, denying Harris's hypertension benefits claim.

In light of the DVA's recent decision, we agree with the Secretary that Harris's appeal seeking to compel an initial decision on his claim is now moot and must be dismissed. This court, like other federal courts, lacks authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). As such, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Id.* (quoting *Mills*, 159 U.S. at 653). If Harris is dissatisfied with the RO's decision, he may timely appeal to the Board of Veterans' Appeals.

Accordingly,

3                                      JAMES HARRIS V. SHINSEKI

IT IS ORDERED THAT:

(1)  The motions to dismiss and to waive the require-
ments of Rule 27 are granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

 /s/ Jan Horbaly
Jan Horbaly
Clerk


ISSUED AS MANDATE: April 11, 2013


s23