**BANK OF BOSTON, Appellant,**

**v.**

**William B. WALLACE and Joan M. Wallace, Appellees.**

### Civil Action No. 97–12759–EFH.

United States District Court, D. Massachusetts.

March 6, 1998.

Matthew J. McGowan, Salter McGowan Swartz & Sylvia, Inc., Providence, RI, for Appellant.

Brian A. Feeney, Jepsky & Sack, Harwich, MA, for Appellees/Debtors.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

. This is an appeal from an October 10, 1998 Order of the Honorable William C. Hillman, United States Bankruptcy Judge. The Order approved the August 19, 1997 Reaffirmation Agreement between Bank of Boston ("the Bank") and William B. Wallace and Joan M. Wallace ("the Debtors"). The appeal is before this Court pursuant to 28 U.S.C. § 158(a).

*Background Facts*

On July 6, 1995, the Debtors received a home equity credit line from the Bank. In return, the Debtors executed and delivered a promissory note in the principal amount up to $25,000 ("the Note"). At the same time, the Debtors granted the Bank a mortgage to their home at 2 Piccadilly Road in Sandwich, Massachusetts ("the Property").

On May 19, 1997, the Debtors filed a Chapter 7 petition for relief. At the time of the filing, the Debtors maintained their interest in the Property and owed the Bank $24,-586.89 on the Note. During the Chapter 7 case, the Debtors and the Bank executed a Reaffirmation Agreement, under which the Debtors agreed to reaffirm their obligations under the Note. The Reaffirmation Agreement was filed with the Bankruptcy Court on August 19, 1997. Eight days later the Debtors received a discharge of their Chapter 7 case.

On September 9, 1997, the Bankruptcy Court issued a Show Cause Order directing that the Debtors attend an October 10, 1997 hearing concerning the Reaffirmation Agreement. The Bank was also served with a copy of the Show Cause Order. On September 29, 1997, the Bank filed a Motion to Reconsider and Vacate the Show Cause Order. In its motion, the Bank argued that under Bankruptcy Code § 524(c)(6)(A), the Bankruptcy Court has no authority to review reaffirmation agreements relating to real property. At the October 10, 1997 hearing, counsel for the Bank highlighted the legal points included in the Bank's Motion to Reconsider and Vacate. After hearing the Bank's argument, the Court denied the Motion and proceeded to the merits of the Show Cause hearing.

The Debtors' counsel informed the Court that changed circumstances allowed the Debtors to reaffirm their obligations under the Note and enabled them to continue making payments to the Bank. The Bankruptcy Court was satisfied with this representation and formally approved the Reaffirmation Agreement between the Debtors and the Bank.

On December 17, 1997, the Bank filed a Notice of Appeal regarding the Court's denial of its Motion to Reconsider and to Vacate the Show Cause Order.

*The Mootness Doctrine*

The Bank's appeal asks this Court to review the actions of the Bankruptcy Court and to determine whether the Bankruptcy Court abused its discretion in (1) issuing its September 9, 1997 Order to Show Cause; (2) conducting the Show Cause hearing on October 10, 1997; and (3) approving the Reaffirmation Agreement executed by the parties.

Although these are interesting questions in the abstract and the bankruptcy practice ap-

pears anxious to have an appellate decision regarding the Bankruptcy Court's role, if any, in reviewing reaffirmation agreements, before examining the merits of the appeal, this Court must face the threshold issue of mootness.

The constitutional doctrine of mootness ensures that federal courts refrain from rendering judgments, or advisory opinions in expired disputes. The mootness doctrine is based on the fundamental jurisdictional tenet that federal courts are limited to hearing live cases and controversies. U.S. Const. Art. III, § 2. As such, appeals should be dismissed as moot where an appellate court lacks the power to provide an effective remedy for an appellant should it find in its favor on the merits. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895). In other words, an appeal must be dismissed as moot where the judicial determination sought would have no practical effect on an existing controversy between the parties. *In re McLean Square Associates, G.P.*, 200 B.R. 128, 131 (Bankr.E.D.Va.1996). The constitutional doctrine of mootness is applicable to bankruptcy appeals. *Miami Center Ltd. Partnership v. Bank of New York*, 838 F.2d 1547, 1553–1556 (11th Cir.1988).

In the instant appeal, there is no live controversy. Neither the Bank nor the Debtors are dissatisfied with their present position. On August 19, 1997, both the Bank and the Debtors intended to create an enforceable Reaffirmation Agreement. After the Bankruptcy Court's October 10, 1997 hearing, an enforceable Reaffirmation Agreement was in place. Consequently, both the Bank and the Debtors have achieved their goals. Although the parties apparently disagree as to whether or not the Show Cause hearing was necessary,[1] it is clear that no actual controversy exists at this time.

Since no controversy exists, it is unclear what remedy, if any, this Court can provide the Bank. The bank suggests that the appropriate remedy is a reversal of the Bankruptcy Court's October 10, 1997 denial of it's Motion to Reconsider and Vacate the Show Cause Order. The Bank argues that this remedy is appropriate because the Bankruptcy Court exceeded its authority by issuing the Show Cause Order. Whether or not the Bank's legal position has merit, the remedy requested by the Bank would have no practical effect upon the parties in this case. The Show Cause hearing has been held and the Reaffirmation Agreement of the parties is in force.

The jurisdiction of the District Court is to be exercised only when an injury has been suffered or a wrong incurred which can be remedied by the Court. It is not the role of the Court to express advisory. opinions as to another Court's use of power which harmed no one. I decline to do so.

Since no actual controversy exists and since the remedy sought by the appellant would have no practical effect upon the parties, this appeal is dismissed as moot.

SO ORDERED.

---

1. The Bank argues that the Bankruptcy Court did not have the authority to issue the Show Cause Order. While the Debtors believe that the Court acted within its power in issuing the Show Cause Order and approving the Reaffirmation Agreement.