**Gerald HOBBS, Plaintiff,**

v.

**G. Lynn SPRAGUE, et al., Defendants.**

**No. C 99–0512 SC.**

United States District Court,
N.D. California.

March 7, 2000.

Gerald Hobbs, San Bernardino, CA, Pro se.

Jean E. Williams, Department of Justice, Lois J. Schiffer, Environment & Natural Resources Div., Jack Gipsman, Department of Agriculture office of General Counsel, San Francisco, CA, Charles O'Connor, U.S. Attorney's Office, San Francisco, CA, Kenneth E. Kellner, Washington, DC, Robert S. Mueller, III, U.S. Attorney's Office, San Francisco, CA, Barret H. Wetherby, La Crescenta, CA, for Defendants.

*ORDER RE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT*

CONTI, District Judge.

## I. INTRODUCTION

In this action, Gerald Hobbs ("Plaintiff") is suing G. Lynn Sprague, in his official capacity as Regional Forester for the Pacific Southwest Region of the United States Forest Service ("USFS"), and the United States Forest Service itself (collectively "Defendants") for alleged violations of the Endangered Species Act ("ESA"). Defendants initially brought a motion un-der Federal Rule of Civil Procedure Rule 12(b)(1) to dismiss Plaintiff's claims for lack of subject mater jurisdiction, claiming that Plaintiff lacks standing to assert his claims. Plaintiff responded by providing this Court with materials outside the pleadings, thereby converting the motion before the Court to one for summary judgment.

## II. BACKGROUND

Plaintiff filed suit against Defendants on February 1, 1999 to force compliance with the substantive and procedural requirements of the ESA. Specifically, Plaintiff seeks to have Defendants consult with the Fish and Wildlife Service ("FWS") regarding the effects of the on-going Land and Resource Management Plans ("LRMPs") for the Angeles, Los Padres, San Bernardino and Cleveland National Forest lands by private and public entities. Among other relief, Plaintiff seeks: (1) a declaratory judgment that Defendants have violated various provisions of the ESA; and (2) an order enjoining Defendants from authorizing any further activities in the subject forests without consulting with the FWS regarding the effect on endangered species.

Defendants brought the original Motion to Dismiss on April 20, 1999. Plaintiff responded in opposition on May 21, 1999 and in his moving papers indicated that he would provide an affidavit to further oppose Defendants' motion. He did so on June 11, 1999. With leave of this Court, Defendants amended their motion to dismiss to a motion to dismiss or in the alternative for summary judgment.[1]

It should be noted that the instant action has been related to *Southwest Biological Center for Diversity v. Sprague*, C–99–2434 which was filed on June 18, 1998, over

---

1. Rule 12(c) of the Federal Rule of Civil Procedure provides that "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.Proc. 12(c).

As this Court has chosen to accept Plaintiff's Affidavit in Opposition to Defendants' Motion to Dismiss, Defendants' motion must be converted to and analyzed as one for summary judgment.

seven months prior to the initiation of the instant action. The complaints in these two actions seek virtually identical relief. On March 1, 2000, this Court approved a settlement agreement between the parties in *Southwest* and dismissed that action.

## III. LEGAL STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and, when viewing the evidence in the light most favorable to the nonmoving party, the movant is clearly entitled to prevail as a matter of law. *See* Fed.R.Civ.P. 56(c); *Cleary v. News Corp.*, 30 F.3d 1255, 1259 (9th Cir.1994). Once a summary judgment motion is made and properly supported, the nonmoving party may not rest on the mere allegations of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *See* Fed R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, to withstand a proper motion for summary judgment, the nonmoving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Moreover, if the nonmoving party has the burden of proof on a given issue, the moving party can prevail by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548.

## IV. ANALYSIS

### A. Standing

Defendants assert that Plaintiff does not have standing to bring this action under Article III of the Constitution of the United States. *See* Defs.' Mot. To Dismiss at 4–9. Plaintiff counters that the Defendants have misinterpreted the controlling case law and that he does in fact have standing.[2]

■ "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). A federal court cannot entertain the claims of a litigant unless that party has demonstrated the threshold jurisdictional issue of whether that party has constitutional and prudential standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* at 561, 112 S.Ct. 2130; *See also Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

■ The Supreme Court has enunciated three immutable elements that a plaintiff must demonstrate to establish the minimum constitutional requirements for standing. First, the plaintiff must have suffered an injury in fact. Second, the injury must be fairly traceable to the challenged action of defendant. Third, it must be likely that the harm will be redressable by a favorable decision. *See Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130 (1992).

In addition to these elements, the federal judiciary has recognized and utilized a prudential component to the standing requirement. *Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). This prudential component in-

---

**2.** Plaintiff argues that the case most heavily relied on by Defendants, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), is not dispositive because several Justices wrote dissenting and concur- ring opinions rendering Justice Scalia's plurality opinion inconclusive on the issue of standing. *See* Pl.'s Opp. To Defs.' Mot. To Dismiss at 6–7.

cludes the zone of interest test which states "that a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Id.* (citations omitted). Unlike the first three constitutional elements of standing, this prudential component may be modified or abrogated by Congress. *Warth,* 422 U.S. at 501, 95 S.Ct. 2197. The Supreme Court has held that the ESA's citizen-suit provision (under which this action has been brought) has effectively negated the zone of interest test. *Bennett,* 520 U.S. at 164, 117 S.Ct. 1154. Therefore, this Court's analysis shall focus on only the three constitutional elements of standing.

### 1. Injury in Fact

■ The first element of standing requires that the plaintiff "have suffered an 'injury in fact'—an invasion of a judicially cognizable interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical". *Bennett,* 520 U.S. at 167, 117 S.Ct. 1154(quoting *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130). For plaintiff to have suffered a particularized injury, he must be affected in a personal and individualized way. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130. Further, for the harm to be considered actual and imminent, it must be based on an actual showing of immediacy and cannot be based on speculative injury occurring in the future. *Id.* at 564, 112 S.Ct. 2130.

■ In his Complaint and Affidavit, Plaintiff sets forth facts, which if presumed to be true, establish a judicially cognizable interest in the manner in which the subject forests are managed. Plaintiff has represented that he has visited the subject forests numerous times in the past and has concrete plans to do so in the near future in order to hike, camp, fish, study, mine and otherwise work and/or recreate in the subject forests. *See* Pl.'s Opposing Affidavit in Support of Opp. To Defs.' Mot. To Dismiss ("Pl.'s Opp. Aff.") at ¶¶ 4, 7–8, 10, 22–24. Plaintiff also has a real property interest within the subject forests, in the form of mining claims in the Angeles National Forest. *Id.* at ¶ 53. Further, in his Complaint, Plaintiff states that "[he] and his family members derive scientific, recreational, health, conservation, spiritual, and aesthetic benefits from the preservation and protection of threatened and endangered species under the ESA." *See* Complaint at ¶ 7. In his Affidavit, Plaintiff claims all of his interests "will be significantly harmed by the actions of the Forest Service as was specifically complained of in [his] Complaint." *See* Pl.'s Opp. Aff. at ¶ 41.

Construing these allegations in the light most favorable to Plaintiff, his allegations amount to a sufficiently particularized and imminent injury in fact. Therefore, Plaintiff has met the first requirement for standing.

### 2. Fairly Traceable

Next a plaintiff must establish a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant. *Bennett,* 520 U.S. at 167, 117 S.Ct. 1154 (citation omitted). The injury complained of cannot be the result of the independent action of some third party not before the court. *Id.*

■ Plaintiff asserts that certain activities which Defendants have allowed in the subject forests, are causing harm to the subject forests themselves, as well as to the quality of the air and water therein. *See* Pl.'s Opposing Affidavit In Support of Opp. To Defs.' Mot. to Dismiss at ¶¶ 27, 30, 32–42. However, as noted by Defendants, Plaintiff does not allege a causal connection between the claimed damage and Defendants' failure to consult with the FWS. Furthermore, Plaintiff cannot establish that any alleged injury which he has suffered is due to the Defendants' actions as opposed to the actions of a third party. Therefore, Plaintiff cannot meet the second requirement for standing.

### 3. Redressable Injury

The third element of standing is redressability. To meet this requirement, a plaintiff must demonstrate that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bennett*, 520 U.S. at 167, 117 S.Ct. 1154.

██ Plaintiff seeks a declaratory judgment that Defendants have acted in violation of the ESA as well as an injunction requiring that Defendants cease approval of activities in the subject forests without the prior approval of the FWS. However, there is no guarantee that Defendants' consultation with the FWS would redress Plaintiff's alleged injury. Conceivably, Defendants' approvals of activities without the requisite consultation with the FWS do not threaten any of Plaintiff's interests within the subject forests. Thus, as it is impossible to discern whether Plaintiff's alleged injury would be redressed by a favorable decision, Plaintiff does not meet the third requirement for standing.

As Plaintiff has neither demonstrated that his injury is fairly traceable to the challenged action of Defendants nor that it is likely that this harm will be redressable by a favorable decision, Plaintiff does not have standing to bring the instant action. Therefore, Defendants' motion for summary judgment should be granted.

### B. Mootness

██ Despite the fact that the parties did not raise a mootness question, mootness is an element of justiciability and the court has a duty to consider it sua sponte. *Canez v. Guerrero*, 707 F.2d 443 (9th Cir. 1983). The Supreme Court has stated that the duty of a federal court "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Federal courts' inability to adjudicate moot cases "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964). "The requirement of a 'case or controversy' applies to an action for declaratory and injunctive relief." *Williams v. Alioto*, 549 F.2d 136, 141 n. 4 (9th Cir.1977). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir.1987).

██ In the related case, *Southwest Biological Center for Diversity v. Sprague*, this Court has approved a settlement agreement between the parties and dismissed the action. The terms of that agreement affect the very compliance with the ESA which Plaintiff seeks in his action. Thus, even were this Court to assume that Plaintiff has standing and allow him to proceed with this action, he could receive no relief beyond that already provided by the settlement agreement in *Southwest*. Therefore, Plaintiff's action has been mooted by the settlement and dismissal in *Southwest*.

## V. CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is GRANTED. Therefore, it is ordered that judgment be entered for Defendants and against Plaintiff in the above entitled action.

IT IS SO ORDERED.