OPINION
COWEN, Circuit Judge.
Lillian P. Iannini appeals from the memorandum order of the United States District Court for the Western District of Pennsylvania affmming the orders previously entered by the Bankruptcy Court. Specifically, the Bankruptcy Court dismissed Iannini’s adversary action against Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of AmeriQuest Mortgage Securities, Inc., Asset-Backed-Pass-Through Certificates, Series 2004-118 (“Deutsche Bank”). It also granted Deutsche Bank’s motion for relief from stay with respect to Iannini’s core bankruptcy case. While this current appeal was pending, the Bankruptcy Court dismissed the core bankruptcy case because of Iannini’s default. We accordingly will dismiss this appeal as moot.
*77 I.
This appeal arises out of a mortgage purportedly held by Deutsche Bank on a residence in Aliquippa, Pennsylvania, which was jointly owned by Iannini and her son, James Iannini. Claiming that the owners failed to make their monthly mortgage payments, Deutsche Bank filed a foreclosure action in the Beaver County Court of Common Pleas. On February 28, 2008, the state court granted its motion for summary judgment. Following several postponements because of James Iannini’s bankruptcy filings, the sheriffs sale ultimately took place on November 17, 2008. Without objection, Deutsche Bank purchased the property for $4,860.36. The deed was then dated and recorded on January 2, 2009, and Deutsche Bank commenced an ejectment action in the Beaver County Court of Common Pleas.
Over the course of the foreclosure action, James Iannini filed for bankruptcy on three separate occasions. Approximately a year after he filed for bankruptcy in November 2006, his case was dismissed without prejudice due to his default under the Chapter 13 plan. His second bankruptcy case was then dismissed on July 11, 2008 because he failed to obtain credit counseling. Finally, his third bankruptcy case was dismissed with prejudice on October 28, 2008 on account of his failure to make regular plan payments, and he was specifically barred from filing for bankruptcy or invoking the provisions of the automatic stay in connection with the property for a period of 180 days.
On March 26, 2009, Iannini filed for bankruptcy under Chapter 13. On July 6, 2009, she filed an adversary complaint against Deutsche Bank, claiming, inter alia, that the sheriffs sale constituted an unlawful fraudulent transfer of her property. Deutsche Bank moved to dismiss the adversary action, and it also requested that the Bankruptcy Court either dismiss the underlying core bankruptcy case or grant relief from the stay. On December 2, 2009, the Bankruptcy Court, after hearing oral argument, concluded that it lacked jurisdiction pursuant to the Rooker-Feldman doctrine and that Iannini otherwise failed to advance any viable claims against Deutsche Bank under 11 U.S.C. §§ 522, 544, or 548. It accordingly dismissed the adversary action and granted relief from the stay, while also denying Deutsche Bank’s motion to dismiss the core bankruptcy case itself. Formal orders were entered on December 3, 2009, and Iannini then appealed to the District Court.
In a memorandum order entered on May 25, 2010, the District Court affirmed the Bankruptcy Court’s ruling in favor of Deutsche Bank, specifically concluding that Iannini’s adversary action was barred by the Rooker-Feldman doctrine and that she failed to bring a proper claim under §§ 522, 544, or 548. Iannini filed a timely notice of appeal. However, while the current appeal was pending before this Court, the Chapter 13 Trustee filed a declaration with the Bankruptcy Court on August 24, 2010 indicating that Iannini was in default under her plan because of a failure to make monthly plan payments. The Bankruptcy Court accordingly dismissed the core bankruptcy case without prejudice on August 26, 2010 and then denied Iannini’s motion for reconsideration in an order entered on October 25, 2010.
II.
We agree with Deutsche Bank that this appeal must be dismissed as moot. We therefore need not (and do not) reach the other issues raised in the parties’ briefing.
“[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant ‘any effectual relief *78 whatever’ to a prevailing party, the appeal must be dismissed.” Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)). It is undisputed that the core bankruptcy case was dismissed by the Bankruptcy Court due to Iannini’s default. In turn, Iannini expressly “concedes the case is moot unless it is considered capable of repetition, yet evading review.” (Appellant’s Brief at 9.) According to her, this exception is satisfied because, among other things, “Congress limited the time a Debtor may remain in a Chapter 13 bankruptcy to 5 years” and she purportedly could still file another bankruptcy petition and pursue her claims against Deutsche Bank. (Id. at 9-10 (citing 11 U.S.C. § 1325).)
Nevertheless, Iannini does not meet this mootness exception. It is well established that a court may consider the merits of an otherwise moot case when: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same party will be subject to the same action again. See, e.g., Rendell v. Rumsfeld, 484 F.3d 236, 241 (3d Cir.2007). This exception is a narrow one available “ ‘only in exceptional situations.’ ” Id. (quoting City of L.A. v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). At the very least, the issues presented here, even if we assume arguendo that they are capable of repetition, do not actually evade review. We note that this Court has ruled on the merits of the Roolcer-Feldman issue raised in this appeal on two prior occasions. See In re Madera, 586 F.3d 228, 232 (3d Cir.2009); In re Knapper, 407 F.3d 573, 578-83 (3d Cir.2005). We further observe that it was Iannini’s own default by failing to make the requisite monthly payments that resulted in the dismissal of her core bankruptcy case and ultimately rendered her current appeal moot.
III.
For the foregoing reasons, we will dismiss this appeal on mootness grounds.