**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3762
_____


VINCENT LUPPINO; CLIFF STERN; NOEL J. SPIEGEL,
individually and on behalf of all others similarly situated,

                                                                    Appellants

v.

MERCEDES BENZ USA

_____


On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No.: 2-09-cv-05582)
District Judge: Honorable Jose L. Linares

_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 27, 2017

Before: McKEE, VANASKIE, and RENDELL, Circuit Judges


(Opinion filed: December 5, 2017)

_____

O P I N I O N[*]

_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, Circuit Judge:

Plaintiffs Vincent Luppino, Cliff Stern, and Noel J. Spiegel brought a class action against Mercedes-Benz, USA, LLC ("MBUSA"), alleging that the wheels on the putative class vehicles are overly susceptible to cracking along the radius of the wheel rim, and claiming a right to damages based on breach of warranty and consumer fraud. The District Court, presented with motions for class certification and for summary judgment, denied class certification, denied Plaintiffs' motion for partial summary judgment, and granted summary judgment in MBUSA's favor. It is from these orders that Plaintiffs appeal. For the reasons that follow, we will affirm.[1]

## I. Factual & Procedural Background[2]

Plaintiffs are New Jersey residents who purchased or leased at least one of MBUSA's vehicles. They allege that the vehicles' wheels are overly susceptible to radial cracking, especially when paired with low-profile tires. They allege that MBUSA was aware of the defects and discussed them internally, but continued to advertise the strength of their vehicles and wheels.

Plaintiffs further aver that MBUSA's vehicles are all sold with the same warranty, which states:

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d). We have jurisdiction under 28 U.S.C. § 1291.

[2] Because we write solely for the benefit of the parties, we confine our discussion of the facts to those salient to this appeal.

> Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period.

Nonetheless, MBUSA allegedly has a uniform policy of denying warranty coverage when its wheels fail. The warranty does not disclaim damage to the wheels caused by impact, including impact from road hazards, or conditions such as potholes.

On November 2, 2009, Plaintiffs filed a complaint alleging that MBUSA's vehicles were defective, that MBUSA publicly disseminated false and misleading information as to the quality and durability of the rims and failed to disclose the alleged defect to consumers, and that MBUSA failed to honor their warranties.[3] Plaintiffs asserted claims of breach of express and implied warranty, violation of the federal Magnuson-Moss Warranty Act, and breach of the New Jersey Consumer Fraud Act. Following discovery, MBUSA filed *Daubert* motions to exclude the testimony of all of Plaintiffs' experts. For their part, Plaintiffs filed a *Daubert* motion to exclude the testimony of one of Defendant's experts. The District Court excluded a narrow portion of one of Plaintiffs' expert's testimony and denied the remaining *Daubert* motions. The Court concluded that Plaintiffs' expert opinions were admissible.

Plaintiffs then moved for class certification on July 30, 2015, seeking certification as to the issue of whether the wheels suffer from a design defect. The putative class consisted of "all persons and entities in the United States who purchased or leased a

---

[3] The operative complaint is now the Corrected Sixth Amended Complaint.

3

Mercedes-Benz passenger vehicle, Model Year 2006 to present, in any state (or, in the alternative, a New Jersey class), equipped with 17, 18, or 19-inch wheels." The District Court denied the motion.

First, the Court found the class was not ascertainable, because the evidence would likely not show "whether a putative class member had his or her wheel replaced with non-original equipment wheels or wheels otherwise falling outside of the class." A-27. Second, the Court concluded that Plaintiffs failed to satisfy commonality and predominance, as they did not show that the design of the wheel, as opposed to driver use, caused the radial cracks. Lastly, the Court found that the issue of whether there is a design defect was not suitable for certification under Federal Rule of Civil Procedure 23(c)(4) because it would not fairly and efficiently advance the resolution of the class members' claims.

MBUSA moved for summary judgment with respect to the class representatives' individual claims. Thereafter, Plaintiffs moved for partial summary judgment on two issues: (1) that MBUSA's express warranty covers design and manufacturing defects; and (2) that the warranty does not exclude damage to wheels resulting from impact with potholes, obstacles in the roadway, or other common road conditions or hazards. The District Court granted MBUSA's motion and denied Plaintiffs' motion. Plaintiffs timely appealed from these orders as well as the District Court's order granting summary judgment on the representative plaintiffs' claims.

## II. Standard of Review

We review a class certification order for abuse of discretion. *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249 (3d Cir. 2016). We review grants of summary judgment *de novo*. *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).

## III. Discussion

### A. Class Certification

Plaintiffs appeal the District Court's denial of Rule 23(b)(3) class certification. Specifically, Plaintiffs reject the District Court's findings that (1) the class was not sufficiently ascertainable, and (2) the class lacked commonality and predominance. Plaintiffs also appeal the District Court's denial of 23(c)(4) issue class certification. We review class certification decisions "for abuse of discretion, which occurs if the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013) (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008)) (internal quotation marks omitted). Because the District Court did not abuse its discretion in concluding that the plaintiffs do not satisfy 23(a) commonality and predominance, we need not discuss the District Court's conclusions on ascertainability, and we will affirm the denial of class certification.

To be certified, a putative class must satisfy Federal Rule 23(a)'s four requirements: numerosity, commonality, typicality, and adequacy of representation. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, a class action must be maintainable under Rule 23(b)(1), (2), or (3). *In re Hydrogen Peroxide*, 552

F.3d at 310; Fed. R. Civ. P. 23(b).  A plaintiff having satisfied Rule 23(a) and (b)'s requirements may seek certification under Rule 23(c)(4) as to particular issues.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1437 n.* (2013).  Failure to meet any of Rule 23(a) and (b)'s requirements precludes class certification.  *In re LifeUSA Holding Inc.*, 242 F.3d 136, 147 (3d Cir. 2001).  Here, Plaintiffs sought certification of a 23(c)(4) issue class with respect to the issue of liability alone.  Given the class certification's (b)(3) defects, described below, we need not address the District Court's conclusion that a (c)(4) class was not certifiable.

Rule 23(b)(3)'s stricter predominance requirement incorporates Rule 23(a)'s commonality requirement, and so we permit courts to jointly analyze the two.  *See, e.g.*, *Danvers Motor Co. v. Ford Motor Co.*, 543 F.3d 141, 148 (3d Cir. 2008).  Under the predominance inquiry, plaintiffs must prove by a preponderance of evidence that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  When there is competing expert testimony, a court's analysis may require weighing this testimony. *See In re Hydrogen Peroxide*, 552 F.3d at 323.

Here, the District Court properly considered Plaintiffs' documentary proof, including MBUSA's potentially damaging internal statements that seemed to acknowledge the wheels had problems.  Then, the Court considered expert testimony's credibility and its impact on common evidence.  At an earlier phase, the Court had ruled both Plaintiffs' and MBUSA's expert testimony to be admissible, notwithstanding *Daubert* challenges from both sides.  But at the class certification stage, the Court

6

concluded that "Plaintiffs would not be able to offer common evidence from which a reasonable jury could find the existence of a design defect." A-49.

Central to the District Court's decision on this point was Plaintiffs' admission that the alleged defect implicated various components of a vehicle's systems, not only the wheels. Plaintiffs aver that the Court abused its discretion in concluding that the vehicle systems were important in assessing the alleged design defect. But we agree with the District Court that Plaintiffs have failed to provide any evidence suggesting that the vehicle systems' impact on the issue was negligible. While they put forth expert testimony that the radial cracking resulted from a design defect, rather than driver error, their experts could not establish common evidence of a uniform defect across systems. Thus, the District Court did not abuse its discretion in finding that Plaintiffs had not submitted "common proof of a defect as to the class as a whole," A-40, and therefore could not meet the commonality and predominance requisites for class certification. And having failed commonality and predominance, we agree with the District Court that the putative class could not be certified.

### B. Summary Judgment

Having declined to certify the putative class, the District Court granted Mercedes's motion for summary judgment on the representative plaintiffs' claims, and denied Plaintiffs' motion for partial summary judgment. Plaintiffs appeal both decisions. We review *de novo*. *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007).

Summary judgment is appropriate where the moving party is entitled to judgment as a matter of law, and there are no genuine disputes as to any material facts. *See, e.g.*,

*Hampton v. Borough of Tinton Falls Police Dep't*, 98 F.3d 107, 112 (3d Cir. 1996). In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). We refrain from making credibility determinations or weighing the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We will affirm the District Court's summary judgment orders.

The three named plaintiffs alleged their wheels were defective. Thus, the District Court applied our precedent requiring expert testimony in products liability cases "where a defect is alleged." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000). All of Plaintiffs' claims—breach of express and implied warranty, breach of the Magnuson-Moss Warranty Act, and violation of the NJCFA—rested on their ability to prove that a defect caused their wheels to crack. The District Court reviewed the parties' competing experts and properly determined that, based on the record, the plaintiffs could not prove a design defect in the wheels. The parties' experts agreed that the design defect implicated the vehicle systems, and not just the vehicle wheels. We agree with the District Court that the three remaining plaintiffs had no evidence that any defect in their wheels caused *their* wheels to crack, as they presented no information on the systems onto which each wheel was placed.

Plaintiffs make much of the fact that the District Court had admitted its experts' opinions under *Daubert*, but then did not credit their testimony enough to proceed past summary judgment. But in the summary judgment context, the Court was not weighing expert testimony. Rather, it correctly stated that "Plaintiffs would need to offer expert

testimony to support their theory of a design defect." A-13. And the Plaintiffs did not offer such testimony.

Because the District Court correctly granted MBUSA's motion for summary judgment, it also properly denied Plaintiffs' motion for partial summary judgment on the scope of their express warranty as moot. *See N.J. Turnpike Auth. v. Jersey Central Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985) (stating that courts have no duty "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

## IV.

Accordingly, we will affirm the District Court's denial of class certification and its summary judgment orders.