20-3306
Sow v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-one.

PRESENT:
> **REENA RAGGI,**
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

───────────────────────────────

**IBRAHIMA SORY SOW,**

> *Petitioner-Appellee,*

> v.                                                          **20-3306**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL, THOMAS FEELEY, FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL, JEFFREY SEARLS, FACILITY ACTING DIRECTOR BUFFALO FEDERAL DETENTION FACILITY,**

> *Respondents-Appellants.*

───────────────────────────────

| | |
|---|---|
| **FOR PETITIONER-APPELLEE:** | AMY BELSHER, New York Civil Liberties Union Foundation, New York, NY (Guadalupe V. Aguirre, Terry Ding, Christopher Dunn, New York Civil Liberties Union Foundation, New York, NY; Robert F. Graziano, Tonawanda, NY, *on the brief*). |

**FOR RESPONDENTS-APPELLANTS:**   BRIAN S. BEIER, Senior Litigation Counsel (John W. Blakeley, Assistant Director, Office of Immigration Litigation, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this appeal from the Western District of New York (Wolford, *J.*), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

In May 2018, immigration authorities encountered Ibrahima Sory Sow, a native and citizen of the Republic of Guinea, at the Champlain, New York port of entry. Finding that Sow had been subject to a final order of removal since 2007, the Department of Homeland Security detained him pending final removal. On August 20, 2018, Sow moved to reopen immigration proceedings, a motion which the Board of Immigration Appeals subsequently denied. *See In re Sow*, A098-420-116 (B.I.A. July 17, 2019). On August, 12, 2019, Sow petitioned this court for review of his denied motion to reopen and secured a stay of removal pending disposition of that petition. *See* Order Granting Temp. Stay, *Sow v. Garland*, No. 19-2464 (2d Cir. Sept. 6, 2019), ECF No. 26; Order Granting Stay, *Sow v. Garland*, No. 19-2464 (Nov. 20, 2019), ECF No. 43.

While his petition was pending, on October 28, 2019, Sow moved the district court for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention violated his statutory and constitutional rights and that he was entitled to a bond hearing before an immigration judge. The district court agreed and, on August 27, 2020, entered judgment, granting the petition and ordering an individualized bond hearing. *See Sow v. Barr*, No. 6:19-cv-6794, 2020 WL 5046263, at *8 (W.D.N.Y. Aug. 27, 2020). That hearing resulted in Sow's September 14, 2020 release from custody, when he posted the bond set by the Immigration Judge. The government's

timely appeal of the district court's habeas judgment is now before this court. We assume the parties' familiarity with the underlying facts, procedural history, and issues in this appeal, as well as in Sow's related petition in No. 19-2464.

Insofar as the government here challenges the district court's writ requiring a bond hearing "where an individualized determination can be made as to whether [Sow] should remain confined for the duration of his immigration proceedings," *Sow*, 2020 WL 5046263, at *8, our denial of the petition for review in *Sow v. Garland*, No. 19-2464, filed today, concludes those proceedings. The government is thus no longer encumbered by the writ entered against it, so this court is unable to grant "any effectual relief whatever." *Mills v. Green*, 159 U.S. 651, 653 (1895). This moots the appeal. *See id.*

"[T]o prevent a judgment, unreviewable because of mootness, from spawning any legal consequences," *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950), we vacate the judgment of the district court and remand for consideration of Sow's habeas petition in light of our decision in *Sow v. Garland*, No. 19-2464, Sow's September 2020 release from detention, and any other developments.

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court