107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re M.A.S. 284 PARKING CORP., Debtor.
M.A.S. 284 PARKING CORP., Appellant,
v.
GREEN AUDUBON CORPORATION, Appellee.
 No. 96-5071.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 Appearing for Appellant:Jerasimos Papapanayotou, General Counsel of the Summit Group Companies, Long Island City, New York.
 
 
 2
 Appearing for Appellee:Christine H. Black, Robinson, Brog, Leinwand, Reich, Genovese & Gluck P.C., New York, New York.
 
 
 3
 Present: CARDAMONE and WINTER, Circuit Judges, and WARD, District Judge.*
 
 
 4
 M.A.S. 284 Parking Corp. ("M.A.S.") appeals from the district court's affirmance of two orders in the bankruptcy court denying its motions to assume a lease and for a new trial based on newly discovered evidence. M.A.S. was evicted on October 12, 1995. The eviction occurred after the bankruptcy court's orders denying M.A.S.'s motions but before the district court decided the appeal from those orders. Notwithstanding the eviction, the district court affirmed the denial of the motions on the merits.
 
 
 5
 We find that, after the eviction, the debtor's appeals to the district court and to this court were moot. Events occurring during the pendency of an appeal that would prevent an appellate court from fashioning effective relief render an appeal moot. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Mills v. Green, 159 U.S. 651, 653 (1895); In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir.1993). The eviction in question is such an event. As a result, there is no live controversy for which there is a meaningful appellate remedy.
 
 
 6
 Even if the matter is not moot, M.A.S. cannot prevail. Had we reached the merits of M.A.S.'s claim that it should have been granted a new trial on the basis of newly discovered evidence our conclusion would have been no different. A party is not entitled to a new trial where the so-called newly discovered evidence could have been discovered through the exercise of due diligence. See Fed.R.Civ.P. 60(b); Wright & Miller, Federal Practice and Procedure, § 2808. In this case, M.A.S. had only to make one phone call to discover the evidence it claims was previously undiscoverable. Its failure to do so contradicts its claim that it exercised due diligence.
 
 
 7
 We therefore dismiss the appeal as moot.
 
 
 
 *
 The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation