08-4327-cv
Adams v. Standard Federal Bank

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand ten.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,<sup>*</sup>
> > *Judge.*

_____

Karen Marie Adams, formerly known as Karen Marie Davis,

> *Plaintiff-Appellant,*

> v.                                                              08-4327-cv

Standard Federal Bank, as successor by Merger to ABN AMRO Mortgage Group, its successors in interest, agents &/or assigns, Agent for Secretary of Housing & Urban Development,

> *Defendants-Appellees,*

---

<sup>*</sup>Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Kathryn Wilson Smith, Kenneth L. Smith, Donald E. Loreman, Sr., Individually and d/b/a Keeseville Launderette and C & D Enterprises, Carolyn Loreman, Individually and d/b/a Keeseville Launderette and C & D Enterprises, Mark J. Whitney, Individually and as Mayor of the Village of Keeseville, William Seaver, Individually and as employee of Village of Keeseville Court, The Village of Keeseville, Robert B. Davis, William O'Connor, Individually and as employee of the Village of Keeseville, Bayview Loan Servicing, LLC,

*Defendants.*

FOR PLAINTIFF-APPELLANT:           KAREN MARIE ADAMS, *pro se*, Au Sable Forks, New York.

FOR DEFENDANTS-APPELLEES:          DAVID P. CASE, Fein, Such & Crane, L.L.P., Rochester, New York.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the appeal is **DISMISSED** as moot.

Appellant Karen Marie Adams appeals from an order of the district court denying her motion for reconsideration of its order denying her motion for a preliminary injunction. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court has jurisdiction to review the denial of a preliminary injunction pursuant to 28 U.S.C. § 1292(a). *See Mastrovincenzo v. City of New York*, 435 F.3d 78, 88 (2d Cir. 2006). In addition, "a notice of appeal from denial of a motion to reconsider, filed within ten days of the

order or judgment sought to be considered, suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." *"R" Best Produce, Inc., v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008); *see also id*. at 122 (noting that during the pendency of the events at issue the time period for moving for reconsideration excluded weekends and holidays). The district court issued its order denying Adams's request for a preliminary injunction on January 18, 2008, and Adams filed her motion for reconsideration six business days later. We therefore review both the initial order denying Adams's motion for a preliminary injunction and the denial of her motion for reconsideration of that order.

Adams sought a preliminary injunction to prevent Standard Federal Bank from "taking any further action to evict or otherwise dispossess Plaintiff of the premises at 20 Thompson Road, Keeseville, New York." Adams concedes that she has been evicted from these premises. Accordingly, this appeal is moot with respect to both the denial of Adams's motion for a preliminary injunction and the denial of her motion for reconsideration. *See White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007) ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (quoting *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000)) (internal quotation marks omitted). To the extent Adams seeks to avoid this result by pointing to other issues she attempted to raise in her motion we note that those issues remain pending before the district court and that no appealable final order regarding these issues has been ordered. The appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
