*In re: Clean Air Car Service & Parking Branch Two, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:     GERARD E. LYNCH,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN
                  *Circuit Judges*.

_____

IN RE: CLEAN AIR CAR SERVICE &
PARKING BRANCH TWO, LLC,

    *Debtor*.

_____

CLEAN AIR CAR SERVICE & PARKING
BRANCH THREE, LLC,

    *Appellant*,

IV - CVCF NEB I TRUST; IV - CVCF NEB REO,
LLC; CLEAN AIR CAR SERVICE & PARKING
CORP.; OPERR TECHNOLOGIES INC.; OPERR
SERVICE BUREAU INC.; KEVIN S. WANG,

Creditor,

*Plaintiffs*,

v.

CLEAN AIR CAR SERVICE & PARKING
BRANCH TWO, LLC,

*Debtor-Appellee*,

OPERR PLAZA, LLC,

*Joint-Administered-Debtor-Appellee*.

_____

24-1742-bk(L);
24-1738-bk(Con);
24-1743-bk(Con)

FOR APPELLANT:

KEVIN S. WANG, Wood Wang & Associates
PLLC, Flushing, NY.

FOR DEBTORS-APPELLEES:

JAY S. HELLMAN (Thomas A. Draghi, *on the brief*), Westerman Ball Ederer Miller Zucker & Sharfstein LLP, Uniondale, NY.

Consolidated appeal from multiple judgments of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION**, these consolidated appeals from the judgments of the District Court entered on June 24, 2024, are **DISMISSED**.

Plaintiff-Appellant Clean Air Car Service & Parking Branch Three, LLC ("Appellant") appeals from three District Court orders dismissing the appeals of three separate Bankruptcy Court orders concerning the sale of assets and property. Specifically, Appellant challenges Bankruptcy Court orders: (1) approving the sale of a parking garage owned by Appellee Clean Air Car Service & Parking Branch Two, LLC

("Clean Air 2") to an unaffiliated purchaser for value at a public auction; (2) approving the sale of an office building owned by Appellee Operr Plaza, LLC ("Operr Plaza") to a different unaffiliated purchaser for value at a public auction (collectively, the "Sale Orders"); and (3) evicting Appellant from the parking garage formerly owned by Clean Air 2 (the "Eviction Order").

The District Court dismissed the appeals of the Sale Orders as statutorily moot, finding that the assets were sold to good-faith purchasers for value pursuant to 11 U.S.C. §363(m). The District Court also dismissed the appeal of the Eviction Order as moot, determining that Appellant had already been evicted from the parking garage. Appellant now appeals from the District Court's orders of dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## STANDARD OF REVIEW

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (citation and quotation marks omitted). "Whether an action is moot is [also] a legal question that we address *de novo*." *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (citation omitted).

## DISCUSSION

**I.     Appellant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

We first address Appellant's motion to dismiss the underlying action and,

3

therefore, these appeals, on the basis that the Bankruptcy Court lacked subject matter jurisdiction. Appellant summarily asserts in its brief that "the Appellees are prohibited from filing for bankruptcy," Appellant's Br. at 28, relying upon a reading of the operating agreements that were in place for Operr Plaza and Clean Air 2 prior to 2021, when they were sold to new owners. Appellant's reasoning is opaque, but the thrust of its argument appears to be that when Operr Plaza and Clean Air 2 were sold to a third-party buyer as the result of a UCC foreclosure sale in 2021,[1] that third-party buyer was not a good faith purchaser. Appellant contends that the LLC members put in place by the third-party buyer therefore lacked authority to take actions on behalf of Operr Plaza and Clean Air 2. It was these new members who modified the operating agreements to expressly permit the companies, with "unanimous written consent of the Member and the Board," to "institute proceedings to have the Company be adjudicated bankrupt." Supp. App'x at 879, 892 (Clean Air 2); *id.* at 903, 916 (Operr Plaza). Appellant says that these modifications were unauthorized and of no effect. Accordingly, Appellant argues, the filing of the bankruptcy petitions was not authorized and the Bankruptcy Court lacked jurisdiction over this matter.

We are not persuaded. Appellant has failed to establish that Operr Plaza and Clean Air 2 lacked authority to file for bankruptcy. We therefore conclude that the record before us, including the findings made in the related state court proceedings, amply

---

[1] *See Operr Plaza, LLC v. Wang*, 208 N.Y.S.3d 196 (1st Dep't 2024) (observing that Operr Plaza and Clean Air Two were sold in "an authorized UCC sale" to a third party).

supports the exercise of jurisdiction over this matter by the Bankruptcy Court and accordingly deny Appellant's motion to dismiss.[2]

## II. Appellees' Motions to Dismiss the Appeals as Moot

Appellees have filed several motions to dismiss the appeals. *See* ACMS Nos. 33-35, 169, 171. In their motions, and in their brief, Appellees contend that the orders appealed from are moot. We agree.

### A. The Appeals of the Sale Orders Are Moot.

The District Court concluded that "any appeal of the sale of the Operr Plaza's assets is statutorily moot because the property was sold to a good-faith purchaser within the meaning of 11 U.S.C. §363(m)." App'x at 212. Likewise, the District Court concluded that the appeal of the sale order as to "the Clean Air Two Debtor's property" was moot because that property, too, "was sold to a good-faith purchaser" under the same definition. *Id.* at 113. We agree as to both.

Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A "good-faith purchaser" is defined as "one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (citations and quotation marks omitted). "The good-faith requirement prohibits

---

[2] We also deny Appellant's motion to the extent it seeks sanctions and an award of fees and costs.

5

fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *Id.*

Appellant contends that the District Court's conclusion that the debtors' assets were purchased by good-faith purchasers is wrong because the purchasers did not pay value for the assets and were on notice of adverse claims. We disagree. First, The Clean Air 2 and Operr Plaza properties were each sold at a fair and competitive auction on December 7, 2023, and there is no evidence of fraud or collusion. That is sufficient to establish that the purchasers paid value for the assets. *See In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997). Second, as the District Court observed, the only "adverse claims" identified by Appellant are (1) the plainly meritless claim that Mr. Wang has ongoing authority over the LLCs, and (2) a disputed lease agreement concerning the Clean Air 2 property. *See* App'x at 115-16. We have not addressed what constitutes an "adverse claim" for purposes of the good-faith purchaser analysis, but both parties endorse the Fifth Circuit's definition of an adverse claim as "a dispute in ownership interest" on appeal. *Matter of RE Palm Springs II, L.L.C.*, 65 F.4th 752, 761 (5th Cir. 2023). We accordingly assume, for purposes of this case, without deciding, that that is the correct definition of an "adverse claim." For the reasons discussed in the District Court's well-reasoned orders, we agree that under that definition, neither of these purported adverse claims would bear on the buyers' status as good-faith purchasers.[3]

We therefore conclude that the two appeals from the Bankruptcy Court's Sale

---

[3] The exception in 11 U.S.C. §363(m) for cases in which a sale is stayed pending appeal does not apply, because we previously denied such a stay. *See* App'x at 120.

Orders are statutorily moot pursuant to §363(m) and must be dismissed. *See In re Gucci*, 126 F.3d at 389 ("We cannot take any action that affects the judicially-authorized sale if the purchaser acted in good faith and no stay was granted.").

**B.       The Appeal of the Eviction Order Is Moot.**

Finally, Appellant argues that the District Court erred in dismissing the Eviction Order as moot. The property at issue was sold on February 20, 2024, Appellant was formally evicted from the property by the United States Marshal on April 18, 2024, and thereafter the new owner began operating on the premises. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. If there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167-68 (2d Cir. 2007) (citations and quotation marks omitted). The property has been sold. Appellant has been evicted and has no right to possession or tenancy. No effective relief can now be granted, more than a year after the eviction was completed. *See In re M.A.S. 284 Parking Corp.*, 107 F.3d 3, 1997 WL 62958, at *1 (2d Cir. 1997) (summary order) ("We find that, after the eviction, the debtor's appeals to the district court and to this court were moot. Events occurring during the pendency of an appeal that would prevent an appellate court from fashioning effective relief render an appeal moot."); *Adams v. Standard Fed. Bank*, 371 F. App'x 187, 188 (2d Cir. 2010) (summary order) (finding that appeal from denial of an order enjoining bank from evicting plaintiff was moot because plaintiff had already "been evicted from the[] premises"). We therefore conclude that the

7

appeal from the Eviction Order is moot and was properly dismissed, and that the appeal of the Eviction Order to this Court is also moot.[4]

*        *        *

We have considered Appellant's remaining arguments and find them to be without merit.  Accordingly, for the reasons set forth above, Appellant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.  Appellees' motions to dismiss the appeals as moot are **GRANTED**.  These appeals are hereby **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Appellees also contend that the appeal from the Sale Orders and Eviction Order should be dismissed under the equitable mootness doctrine.  We have previously held that "a bankruptcy appeal is presumed equitably moot when the debtor's reorganization plan has been substantially consummated." *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014) (citation omitted).  The debtors' plans in this case have been approved, and the debtors' assets have been distributed except for a small pot of money reserved for the ongoing administration of the debtors' estates and the resolution of still-pending claim objections. *See* Supp. App'x at 1535-56 (Clean Air 2 Confirmation Order); *id.* at 1610-31 (Operr Plaza Confirmation Order).  The resulting presumption of equitable mootness may be overcome only "where: (i) effective relief can be ordered; (ii) relief will not affect the debtor's re-emergence; (iii) relief will not unravel intricate transactions; (iv) affected third-parties are notified and able to participate in the appeal; and (v) appellant diligently sought a stay of the reorganization plan." *In re MPM Silicones, L.L.C.*, 874 F.3d 787, 804 (2d Cir. 2017) (citation and quotation marks omitted).  Appellant fails to meet these exceptions.  Accordingly, we find that Appellant's appeal from the Sale Orders and Eviction Order is also subject to dismissal on the basis of equitable mootness.

8